# Sowers, Appellant, *v.* McManus.

*Negligence—Dynamite—Explosion—Burden of proof—Evidence.*

While the possession of dynamite to be used for a lawful purpose is neither unlawful nor negligent, the person in possession of it, is, as to third parties, bound to the highest degree of care, and failure to take every reasonable precaution to prevent explosion of it while in storage, is negligence. If an explosion occurs resulting in an injury, the burden of proof rests upon the person injured of showing either the specific act of negligence that caused the explosion, or such circumstances surrounding it as would justify the inference that the degree of care required by the law had not been observed. The maxim res ipsa loquitur has no application in such a case.

In an action against a contractor to recover damages for personal injuries sustained by an explosion of dynamite, a witness for the plaintiff testified that dynamite had "possibly" been kept in a shanty and that in the morning about two hours before the explosion occurred he saw a few pieces of what he supposed was dynamite lying on the ground near a fire which an employee of the defendant had built near the shanty. The witness did not attempt to testify that defendant had any quantity of dynamite stored anywhere. There was no evidence to show what caused the explosion. *Held*, that the court committed no error in giving binding instructions for defendant.

Argued Jan. 12, 1906. Appeal, No. 352, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1903, No. 2,175, on verdict for defendant in case of Mary E. Sowers and Philip Sowers v. Patricius McManus. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

The opinion of the Supreme Court states the case.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Robert B. Kelly*, for appellants.—This is a case that clearly comes within the rule of res ipsa loquitur : Shearman & Red-

field on Negligence, sec. 59, p. 78; Shafer v. Lacock, 168 Pa. 497; Heh v. Gas Co., 201 Pa. 443; Booth v. Dorsey, 208 Pa. 276; Heeg v. Licht, 80 N. Y. 579; Fisher v. Ruch, 12 Pa. Superior Ct. 240.

*M. Hampton Todd,* for appellee.—The appellants' position is, that having shown that there was an explosion of some kind, and the appellant having testified that she was thrown down by such explosion, she has made out a prima facie case, and the burden is shifted to the appellee to satisfy a jury, by competent evidence, that the appellee used due care. We respectfully submit that such is not the rule of law: Zahniser v. Torpedo Co., 190 Pa. 350; Spees v. Boggs, 198 Pa. 112; Earle v. Arbogast, 180 Pa. 409; Diver v. Singer Mfg. Co., 205 Pa. 170.

Opinion by Mr. Justice Brown, March 5, 1906:

The appellee had a contract to widen a railroad bed, and it may be fairly gathered from the testimony that in prosecuting his work he used dynamite for blasting purposes. It is in general use for such a purpose, and its possession by the appellee was not unlawful nor, in itself, negligent. The explosion did not occur in connection with the use of it in blasting, and the appellants do not complain of the use of it by the appellee. Their complaint is that it exploded " by reason of the carelessness and negligence of the defendant or his servants," while stored near their premises.

While the possession of an explosive of the dangerous character of dynamite is not unlawful nor in itself negligent, care commensurate with the danger of having possession of this agent must be exercised at all times by those having it in their possession. No absolute standard of care can be established for the observance of those having it in their possession, but the general rule in cases like the present, where third parties, having no relation to the defendant, are injured by its alleged explosion, is that the highest degree of care must be exercised, and the failure to take every reasonable precaution to prevent explosion of it while in storage is negligence. As the mere possession of dynamite to be used for a lawful purpose is neither unlawful nor negligent, where one is injured by the

explosion of it when stored, the burden rests upon him, as in other cases of negligence, of proving either the specific act or negligence that caused the explosion, or such circumstances surrounding it as would justify the inference that the degree of care required by the law had not been observed. When, as here, nothing appears but the explosion itself, there can be nothing but conjecture as to what caused it, and against conjectured negligence no man is called upon to defend, whether the care to be exercised by him be of ordinary or of high degree. In some cases he may be held to stricter proofs than in others, but in none is proof required of him until there has first been actual proof of the negligence complained of, or of facts and circumstances from which it can be fairly inferred. " The maxim res ipsa loquitur is itself the expression of an exception to the general rule, that negligence is not to be inferred but to be affirmatively proved. The ordinary application of the maxim is limited to cases of an absolute duty, or an obligation practically amounting to that of an insurer: " Zahniser et al v. Pennsylvania Torpedo Company, Limited, 190 Pa. 350. Common carriers, in actions brought against them by passengers for not having carried them safely, are within the exception to the rule that negligence must be affirmatively proved ; and so, under certain conditions, are electric light companies in suits brought against them by patrons injured in the ordinary and regular use of the electric appliances furnished to them : Alexander v. Nanticoke Light Co., 209 Pa. 571. But the appellee is not within the exception, for the reasons that bring others within it do not apply to him. The burden of proving the negligence of the defendant was upon the appellants charging it.

There was but a single witness called in support of the allegation of the plaintiffs that the defendant had unlawfully allowed a large quantity of dynamite to be stored near their premises, which, by reason of the carelessness and negligence of the appellee or his servants, was exploded, causing the injuries complained of. This witness testified to nothing more than that dynamite had " possibly " been kept in a shanty, that in the morning, about two hours before the explosion, he saw a few pieces of what he supposed was dynamite lying on the ground near a fire which an employee of the defendant had

built near the shanty. If dynamite had been stored in the shanty, or elsewhere, he could not say in what quantities. In short, he did not attempt to testify that defendant had any quantity of dynamite stored anywhere, and there is nothing to show that, if the few pieces that he saw near the fire were dynamite, their explosion was due to any negligence of the defendant. From all that appears in the testimony, if what the witness saw was dynamite, it may have exploded from a cause or causes over which the appellee had absolutely no control. The case could have been submitted to the jury only on the maxim res ipsa loquitur, and, as it was not within that maxim the direction to find for the defendant could not have been withheld.

Judgment affirmed.