## Kiser v. H. S. Kerbaugh, Incorporated, Appellant.

*Nuisance—Dynamite—Evidence—Negligence—Case for jury.*

1. While certain pursuits may be prima facie lawful, because not necessarily attended with dangerous results, and must be shown to be conducted in a careless manner, so as to become nuisances, the character of the business, the manner in which it is conducted, its location, are all to be considered in determining the question of nuisance or no nuisance, and where the facts are at all in dispute, the proper tribunal to pass upon them is the jury.

2. Where a person stores dynamite in a small building within a few inches of a red hot stove, with percussion caps lying on the floor, he will be liable for injuries to neighboring property caused by the explosion of the dynamite.

Argued April 22, 1909.  Appeal, No. 88, April T., 1909, by defendant, from judgment of C. P. Westmoreland Co., May T., 1905, No. 150, on verdict for plaintiff in case of G. W. Kiser v. H. S. Kerbaugh, Incorporated.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.  Affirmed.

Trespass to recover damages for injuries to a building caused

by the explosion of dynamite.   Before VAN SWEARINGEN, J., specially presiding.

The court charged in part as follows:

[Several grounds of recovery are laid in the plaintiff's declaration, but the case has resolved itself into a question as to whether these dynamite and powder magazines constituted a private nuisance.   You are asked to say that they did, and it is upon this ground that we submit the case for your consideration.

A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements or hereditaments of another.   Any unwarrantable, unreasonable or unlawful use by a person of his own property to the injury of another comes within the definition stated, and renders the owner or possessor liable for all damages arising from such use.   The rule is of universal application that while a man may prosecute such business as he chooses on his own premises, he has no right to erect and maintain a nuisance to the injury of an adjoining proprietor or of his neighbors, even in the pursuit of a lawful trade.   A nuisance has also been defined as that which annoys and disturbs one in the possession of his property, rendering its ordinary use or occupancy physically uncomfortable to him.   And if you find from the evidence in this case that these dynamite and powder magazines constituted a nuisance, then the defendant is liable for the injury suffered by plaintiff.   In determining whether or not the magazines constituted a nuisance, you should take into consideration the location of the magazines; the quantities of dynamite and powder kept therein; the proximity of other buildings and dwelling houses; the explosive and dangerous qualities of dynamite and powder; the character and needs of the defendant's business; the density of the population of the neighboring territory and all the surrounding circumstances of the case.

If, after taking all these matters into consideration, you should determine that these magazines did not constitute a nuisance at the time of the explosion, then you should return a verdict for defendant.   But if you find that the maintaining of the magazines did constitute a nuisance, then you should as-

certain the amount of the injuries suffered by plaintiff and return a verdict in his favor for that amount.

You are not to take into consideration the method used by defendant in preparing the dynamite for use. You are not to determine whether there was negligence on the part of the defendant in its treatment and handling of the dynamite. We submit the case to you simply for your determination of the one fact as to whether the mere maintenance of these dynamite and powder magazines under all the circumstances of this case, constituted a nuisance.] [1]

Defendant presented these points:

1. That the defendant was engaged in a lawful business and in carrying on that work was in the rightful possession of explosives, to wit: dynamite and powder in quantities sufficient for the current needs of the work in which the defendant was engaged, one-half mile from plaintiff's residence, and that their possession at the place shown by the testimony of such quantities as have been testified to was not unlawful, and the defendant cannot be held responsible in this action, unless the plaintiff affirmatively shows negligence on the part of the defendant. *Answer:* This point is refused. [3]

2. That the dynamite and powder magazines of defendant were located one-half mile or more from the dwelling house of plaintiff which was alleged to have been injured, and that their location as described by the testimony was not a violation of the law and was not a nuisance in that this plaintiff can recover by merely showing the explosion without affirmatively proving negligence of duty on the part of the defendant which caused the explosion. *Answer:* That point is refused. [4]

Verdict and judgment for plaintiff for $615. Defendant appealed.

*Errors assigned* amongst others were (3, 4) above instructions, quoting them.

*John E. Kunkle*, with him *Edward E. Robbins*, for appellant.— The latest case upon this point, we have discovered, and which is on all fours with the case at bar, is the case of Sowers v. McManus, 214 Pa. 244.

In the case of Tuckachinsky v. Coal Co., 199 Pa. 515, we find the facts on all fours with the present case.

A party charging negligence as a ground of action must prove it. He must show that the defendant by his act or by his omission has violated some duty incumbent upon him which has caused the injury complained of: Parrot v. Wells, Fargo & Co., 82 U. S. 524; Lodge v. United Gas Imp. Co., 209 Pa. 553; Baran v. Iron Co., 202 Pa. 274; Bannon v. R. R. Co., 29 Pa. Superior Ct. 231; Zahniser v. Penna. Torpedo Co., 190 Pa. 350.

Damages from the explosion from a dynamite magazine is actionable only when negligence is shown: Steere v. Oakley, 5 Pa. Superior Ct. 46; Sofield v. Sommers, 9 Ben. (U. S.) 526; Kinney v. Koopman, 116 Ala. 310 (22 So. Repr. 593); Cosulich v. Standard Oil Co., 122 N. Y. 118 (25 N. E. Repr. 259); Reiss v. New York Steam Co., 128 N. Y. 103 (28 N. E. Repr. 24); Zahniser v. Penna. Torpedo Co., 190 Pa. 350; Schuylkill Co. Imp. Co. v. Munson, 81 U. S. 442; Pleasants v. Fant, 89 U. S. 116; Holland v. Kindregan, 155 Pa. 156; Sowers v. McManus, 214 Pa. 244.

*Curtis H. Gregg*, with him *Silas A. Kline, G. Plumer Kline* and *Sidney J. Potts*, for appellee.—We contend that, under the testimony submitted, and under the circumstances of this case, the question as to whether the facts proven constituted a private nuisance was one peculiarly for the jury: Wietr's App., 74 Pa. 230; Derry Coal & Coke Co. v. Kerbaugh, 222 Pa. 448; McAndrews v. Collerd, 36 Am. Rep. 508; Heeg v. Licht, 80 N. Y. 579.

OPINION BY ORLADY, J., June 14, 1909:

The plaintiff brought this action of trespass to recover damages caused by the defendant in negligently and carelessly storing large quantities of dynamite and blasting powder within a short distance of the plaintiff's residence, and in not properly caring for and protecting the said explosives, so that they exploded and destroyed his dwelling house, household goods, etc. A verdict of $615 was recovered and the defendant brings this appeal.

The defendant was engaged in straightening the tracks of the Pennsylvania Railroad Company, the work consisting of making extensive excavations through rock and earth, and it was necessary to use dynamite and blasting powder in the management of this enterprise. For the purpose of storing large quantities of these explosives, the defendant company erected a magazine for dynamite, and another for powder about 600 feet from the heaviest portion of the work. These consisted of frame buildings about fourteen by sixteen feet square, seven feet in height, and were located within 200 feet of each other and each was covered with a tar paper roof. These storage magazines were located about one-quarter of a mile from the village of Bradenville, which has a population of from 1,200 to 1,500 people, and approximately one-half mile distant from the dwelling house of the plaintiff. On March 5, 1904, about five o'clock in the evening, both magazines exploded, and nothing remained upon the site where the buildings had been erected except some refuse of the powder house. From 10,000 to 20,000 pounds of dynamite were usually kept in the one building, and an average of from 5,000 to 7,500 pounds of powder were kept in the other. The dynamite house was heated with an egg stove, which was described by plaintiff's witness as being about four and one-half feet high, and having a capacity of about two bushels of coal. In order to have the dynamite at about thirty-five degrees temperature, in condition for use, wooden boxes containing it were stacked around the stove, as stated by different witnesses, at ten, twelve, eighteen or twenty-four inches distant from it.

Plaintiff's witnesses testified to having seen this stove when it was hot, red hot, and very red, so that the wooden boxes were made brown with heat and at times were smoking. To explode the dynamite, cartridges, caps or exploders were used by the workmen, and it was testified, that a number of these appliances were lying around on the floor of the dynamite house. Some were wrapped in packages and others were lying around loose and "a blow from a hammer or from a foot on these would put them off." The first explosion occurred in the dynamite house, and one witness testified that a few minutes before this

happened, he saw a walking boss for the defendant, running across the fields, throw up his hands and then everybody started to run away. The plaintiff adduced proof to show that it was much safer to have the dynamite stored in a building specially designed for the purpose, and heated with hot air, steam or water, or, when no heat was used to keep the dynamite in workable condition, then, to have the necessary amount of dynamite removed and thawed in hot water if necessary, and two of the principal witnesses for the defendant who were familiar with using and storing dynamite, on being examined as to the proper care it should receive when stored, were asked the question, "Would you advise piling dynamite on racks from eighteen to twenty-four inches away from a red hot stove in such a house, containing at least 100 boxes of dynamite? and each replied, that it would not be safe to have a red hot stove in it.

It is admitted that the defendant is engaged in a lawful business, but it is urged, that to erect and maintain such a manifestly dangerous establishment as the defendant conducted at this place was a nuisance, and that the cause of the explosion was the careless management and care of the dynamite house. As to whether it was a nuisance the court could not do otherwise than to submit that question under the evidence, to the jury, and it is not material so far as this case is concerned whether it was a nuisance per se or not. Whether it was a nuisance at all depended wholly on the proof, and whether the plaintiff's evidence established that fact, could not be determined as a matter of law by the court, but was properly submitted to the jury: Gavigan v. Refining Co., 186 Pa. 604.

The difference between a nuisance per se, and where a lawful business is carried on so as to become a nuisance, is not in the remedy but only in proof of it. In the one case the wrong is established by proof of the mere act; in the other by proof of the act and its consequences: Dennis v. Eckhardt, 3 Grant, 390.

The common experiences of mankind teaches us that in certain localities and surroundings certain pursuits are universally injurious to health and to property, no matter how carefully

conducted. And while they may be prima facie lawful, because not necessarily attended with dangerous results, and must be shown to be conducted in a careless manner, so as to become nuisances, the character of the business, the manner in which it is conducted, its location, are all to be considered in determining the question of nuisance or no nuisance, and where the facts are at all in dispute, the proper tribunal to pass upon them is the jury: Evans v. Fertilizing Co., 160 Pa. 209.

The burden rested upon the plaintiff to satisfy the jury on the question of nuisance as complained of, and the evidence furnished abundant support for the verdict. It is not an answer to the plaintiff's claim, to state that the defendant was engaged in the prosecution of a business useful to the public, and that the plaintiff's rights are subordinate to the larger interests of the defendant and the public. The defendant chose to locate its dynamite and powder house in proximity to the plaintiff's property, and to manage and care for it in a way that the jury has decided in this case, to be negligent and harmful. Neither the magnitude nor importance of its business permitted an invasion in the rights of another. See Green v. Sun Co., 32 Pa. Superior Ct. 521; Sigman v. Powder & Oil Co., 39 Pa. Superior Ct. 559.

The testimony in this case is substantially the same as in Derry Coal and Coke Co. v. Kerbaugh, 222 Pa. 448, in which case the exact cause of the explosion was not shown, and while the exact cause is not determined in this case by the testimony of an eyewitness, yet, a jury would be fully warranted in concluding that it was caused by a superheated stove, or by friction of the percussion caps which were lying around on the floor in the dynamite house, and as in the case just cited, the jury was not left to find negligence from the mere fact of the explosion. A condition entirely under the control of the defendant was shown, to which the producing cause of the explosion might be attributed. The presence of a red hot stove in a small building, and within a few inches of the dynamite, and the explosive caps on the floor, was, under the testimony an unsafe condition from which the explosion might result. In the recent case of Sowers v. McManus. 214 Pa. 244, it was

stated, while the possession of dynamite to be used for a lawful purpose is neither unlawful nor negligent, the person in possession of it, is as to third parties, bound to the highest degree of care, and a failure to take every reasonable precaution to prevent explosion of it while in storage, is negligence. No explanation of the cause of the explosion was furnished by the defendant, and it was left to the jury to accept the theory of the plaintiff, based on affirmative evidence of negligent acts, or of an unaccountable accident advanced by the defendant.

In Kerbaugh v. Caldwell, 151 Fed. Repr. 194, a case growing out of the same accident, it was held, "The mere possession of explosives by a person who is using them in his business is not unlawful, but no person can store them in large quantities so near a dwelling house as to endanger it or its occupants, without being guilty of maintaining a nuisance, public or private." What constitutes a nuisance is usually a question of fact to be determined by the jury. Whether the act of so storing these explosives constituted a nuisance was a question that could not be properly withdrawn from the jury in view of the first count in the plaintiff's statement, charging the defendant with maintaining a private nuisance. The jury found, without doubt, that the storing of such a large quantity of explosives in the neighborhood was a nuisance, and having so found, the defendant became liable for all damages resulting therefrom to the plaintiff.

A rehearing of that case was refused; the authorities which are cited by the appellant in this case were there considered, and the court concluded in view of the very large quantity of explosives kept by the plaintiff, in its magazines, that the case was distinguished from the line of cases in which it has been held, that damages resulting from concussion, following explosion of dynamite or powder used in a lawful business, and with care and skill are damnum absque injuria. The points represented by the third, fourth and fifth assignments of error were rightly refused. The plaintiff assumed the burden of affirmatively showing negligence in the care of these warehouses and adduced sufficient proof to warrant the jury in accepting his theory. The judgment is affirmed.