# Sigman *v.* G. R. McAbee Powder & Oil Company, Appellant.

*Negligence—Explosion of dynamite—Lease of plant.*

1. In an action against a corporation to recover damages for injuries sustained by an explosion of dynamite on a plant owned by the defendant, the latter alleged that at the time of the accident it had nothing to do with operating the plant, but that it was in the hands of, and was being conducted by, a lessee as an independent operator. Plaintiff offered evidence tending to show the defendant had retained a superintendent on the ground, that such superintendent had sold goods and shipped them in boxes of the defendant marked and stamped with its name; that the chief executive officer of the defendant had declared that the company was operating the plant; that the defendant under the terms of the written lease furnished all of the material used in the plant; that the alleged lessee had no right to sell the product to any other person than the defendant; and that after the explosion the defendant fixed

a price of certain pipe which had been connected with the plant, and sold it to a witness, receiving the .money therefor. *Held*, that it was a question for the jury to determine whether or not the defendant was in reality operating the plant at the time of the accident.

2. In such a case where it appears that the plaintiff was a stranger to the operator, living some distance away, and in no manner connected with the business, a verdict and judgment in his favor will be sustained where there is evidence that the boxes in which the dynamite cartridges were stored were carelessly nailed, and that after being nailed they were pitched or tossed a distance of from two to five feet upon a pile; that workmen walked over the floor where dynamite was scattered wearing ordinary leather shoes with iron nails in the soles and heels, and that these conditions were actually present and observed a few minutes before the explosion; and that these methods, from the testimony of experts, were dangerous methods of handling high explosives.

Argued Nov. 13, 1908. Appeal, No. 146, Oct. T., 1908, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1906, No. 112, on verdict for plaintiff in case of Jacob Sigman v. G. R. McAbee Powder & Oil Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for injuries resulting from an explosion of dynamite. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $453. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*M. J. Hosack*, of *Hosack, Knox & Hosack*, with him *Frank S. Groff*, for appellant.—In all actions for damages there must be proof of negligence on the part of the defendant and a statement of facts showing how the accident occurred: Huey v. Gahlenbeck, 121 Pa. 238; Hazel v. People's Pass. Ry. Co., 132 Pa. 96; Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Alexander v. Penna. Water Co., 201 Pa. 252; Baron v. Reading Iron Co., 202 Pa. 274; Frazier Bros. v. Lloyd, 23 W. N. C. 178.

The mere fact that there is an explosion does not throw upon

the defendant the burden of proving that he was not negligent, and the burden remains upon the plaintiff throughout: Earle v. Arbogast, 180 Pa. 409; Kepner v. Traction Co., 183 Pa. 24.

A defendant is not responsible for unavoidable accidents against which human foresight cannot provide: Wall v. Lit, 195 Pa. 375.

The inference of negligence from the happening of an injury alone is ordinarily limited to cases where there is an absolute duty or obligation practically amounting to that of an insurer: Zahniser v. Pennsylvania Torpedo Co., 190 Pa. 350.

*John E. Malone,* with him *H. Frank Eshleman,* for appellee.— The case was for the jury: Hershinger v. R. R. Co., 25 Pa. Superior Ct. 147; Sowers v. McManus, 214 Pa. 244.

OPINION BY HEAD, J., July 14, 1909:

The defendant in this case denies liability on two grounds. Whilst admitting that it had constructed the Powder Plant in which the explosion occurred, and owned it at the date thereof, it maintained that it had never operated the plant, and was not therefore responsible, even if the explosion had been caused by the negligence of the operators. In support of this theory, the defendants offered testimony that immediately upon the completion of the plant it had been leased by the owner to two individuals named Rapp and Taylor. This lease was said to have been in parol, but identical in terms with the written lease which was offered in evidence. The latter purports to have been dated in January, 1906, several months before the date of the accident. It appears to have been executed by the defendant company as lessor, and by A. E. Rapp, Taylor, the former lessee, having retired from the business under circumstances which will be noted hereafter. Testimony was adduced from several witnesses tending to show that this lease was executed in good faith; that the lessee therein named was an independent operator, and that the lessor had no control whatever in the management of the plant, and was in nowise responsible for the manner of its operation.

In contradiction of this, the plaintiff offered testimony tending to establish a number of circumstances for the purpose of proving, as he alleged, that the lease offered in evidence had not been executed in good faith; and that the defendant company was in reality the operator of the plant, and responsible for its management.

Some of these circumstances may be thus briefly noted. After the plant had been completed, and, as the defendant alleged, leased to Rapp and Taylor under a parol lease, the defendant company retained a superintendent on the ground. A witness, who was called, gave to this superintendent an order for some powder or dynamite. The order was filled, the dynamite delivered, the bill therefor rendered by the defendant company, and the amount of it paid to the company by the purchaser. He was not able to say that the goods he received had been actually shipped from this particular plant. There was testimony of a conversation with the chief executive officer of the defendant company, in which he declared that he, or his company, was operating the plant and in control of its management. That Taylor, although, as alleged, one of the lessees of the plant, was discharged or dismissed by Mr. McAbee upon a report that he was indulging in the use of intoxicating liquors. That the defendant company, even under the terms of the written lease, furnished all of the material used in the manufacture of explosives, and that the alleged lessees had no right to sell their product to any other person than the defendant. That all of the boxes in which the manufactured product was stored previous to shipment were the boxes of the defendant company, marked and stamped with its name. That after the explosion the defendant company fixed the price of certain pipe which had been connected with the plant and sold it to a witness, receiving the money therefor.

The learned court below submitted all these matters to the jury in an admirably careful and impartial charge, there being no complaint whatever as to the manner of such submission. The learned counsel for the appellant, however, claims that there was not sufficient evidence to warrant a finding by the jury that the defendant company was operating the plant at

the time of the accident, and as a consequence that there should have been a directed verdict in its favor. We are unable to so hold. We agree with the learned trial judge that all of the facts and circumstances in evidence on this subject, most of which we have noted, constituted more than a scintilla of evidence on the question as to who was in reality the operator of the plant at the time of the accident. This being true, the learned trial judge could not have properly disposed of the question otherwise than by submitting it to the jury.

It is further contended by the appellant that the record discloses no evidence which would warrant the jury in finding that the explosion resulted from any negligence in the operation of the plant, even though the defendant were found to be the operator. The explosion occurred in what was called "the punch house." Into this room or building the dynamite was brought, after it had been mixed, and was there forced or punched into paper shells or cartridges, and thus prepared for commercial use. There was evidence that the boxes in which these cartridges were stored were carelessly nailed, undue force being used, and that after being nailed, they were pitched or tossed a distance of from two to five feet upon a pile, thus subjecting them to serious and unnecessary concussion. That portions of the dynamite would become scattered over the floor of the building, and that the workmen, or at least many of them, engaged in this building, wore ordinary leather shoes with iron nails in the soles and heels, and that these conditions were actually present and observed by witnesses just a few moments before the explosion occurred. There was expert testimony, which, if believed by the jury, was sufficient to prove that these methods of handling high explosives were dangerous.

The learned counsel for the appellant argues that even under such circumstances the plaintiff cannot recover because he could not prove by positive evidence that the explosion, which occurred and destroyed the lives of eleven men, was the result of any one of the negligent acts referred to, or indeed of all of them together. In the light of two recent and authoritative utterances on this subject by our Supreme Court, there is but little room for contention in support of such a theory. The fol-

lowing excerpt from the opinion of Mr. Justice FELL in Derry Coal & Coke Co. v. Kerbaugh, 222 Pa. 448, seems to us a conclusive answer to the position of the appellant. "The exact cause of the explosion was not shown, but the case was not left to the jury to find negligence from the mere fact of the explosion. A condition, entirely under the control of the defendant, was shown, to which as a producing cause the explosion might be attributed. The presence of a red stove hot in a small building and within a few inches of the dynamite and of explosive caps on the floor was under the testimony an unsafe condition from which an explosion might result. In the recent case of Sowers v. McManus, 214 Pa. 244, it was said: 'While the possession of dynamite to be used for lawful purposes is neither unlawful nor negligent, the person in possession of it is, as to third parties, bound to the highest degree of care, and failure to take any reasonable precaution to prevent explosion of it while in storage is negligence.' No explanation of the cause of the explosion was furnished by the defendant and it was left to the jury to accept the theory of the plaintiff, based on affirmative evidence of negligent acts, or that of an unaccountable accident advanced by the defendant."

This case we regard as identical in every material respect with the case at bar. The plaintiff here was a stranger to the operator, living some distance away, and in no manner connected with the business carried on at the powder plant. Applying to the facts here in evidence the rule laid down by the Supreme Court in the language quoted, we are again obliged to say that the learned trial court could not with propriety have withdrawn the case from the consideration of the jury. As already stated, there is no complaint as to the manner in which the learned judge laid the case before the jury, and their verdict establishes upon sufficient evidence the two controlling facts in the case. The assignments of error must therefore be overruled.

Judgment affirmed.