# Haggerty *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railway—Switch—Absence of switch bar—Car jumping track—Pedestrian on sidewalk—Presumption of negligence—Case for jury.*

In an action against a street railway company to recover damages for personal injuries, the case is for the jury and a verdict and judgment for plaintiff will be sustained where it appeared that after the front truck of one of defendant's cars had passed a switch at a point where the tracks of the company intersected, the rear truck turned on the switch, thereby throwing one end of the car onto the sidewalk and striking the plaintiff who was standing near the curb, where there was testimony on behalf of plaintiff tending to show that an iron bar was used to keep the tongue of such switch in place, that a bar or similar appliance was necessary for that purpose and was out of place at the time of the accident. The bar being under the exclusive management of defendant its absence gave rise to a presumption of negligence sufficient to take the case to the jury.

Argued Jan. 8, 1914. Appeal, No. 223, Jan. T., 1913, by defendant, from judgment of C. P. No. 4, Philadel-

phia Co., March T., 1909, No. 4257, on verdict for plaintiff in case of Margaret Haggerty v. Philadelphia Rapid Transit Company.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

The opinion of the Supreme Court states the case.

Verdict for the plaintiff for $4,000, and judgment thereon.   Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in dismissing defendant's motion for judgment n. o. v.

*Harold B. Beitler,* for appellant.

*H. Horace Dawson,* for appellee.

PER CURIAM, February 9, 1914:

The defendant's track on Chestnut street crosses at right angles its track on Seventh street and at the intersection of these streets the tracks are connected by a switch.   The front truck of a car running east on Chestnut street passed the switch but the rear truck turned south on the switch, in consequence of which one end of the car was thrown onto the sidewalk and injured the plaintiff, who was standing near the curb.   There was testimony on behalf of the plaintiff tending to show that an iron bar was used to keep the tongue of the switch in place; that the use of a bar or similar appliance was necessary for that purpose; that the bar was out of place at the time of the accident.   The cause of the accident was thus shown.   The bar was under the exclusive management of the defendant and its absence gave rise to the presumption of negligence sufficient to take the case to the jury.

The judgment is affirmed.