# Gawronski, Appellant, *v.* McAdoo.

*Negligence—Railroads—Infants—Yards — Playing in yards — Sitting on freight cars — Notice — Burden of proof — Proximate cause—Sequence of events—No intervention of contributing cause — Defendant in possession of instrumentalities — Presumption —Admissions at trial—Case for jury.*

1. Where a railroad company permits its yards or tracks to be used as a playground for children, the corporation is required to

operate its rolling stock with due care to avoid injuring such children, and the ordinary rule, as to the limited measure of duty owing to trespassers, is inapplicable.

2. One fixed with a duty to regard the safety of children, is obliged reasonably to anticipate they will do the ordinary and natural things which may be looked for from them under the circumstances.

3. In an action against a railroad company to recover damages for personal injuries to a boy eight years old, injured while on a freight car standing with others, in an open railroad yard of defendant, the case is for the jury, where the evidence tends to show that the yard in question was triangular in form, with tracks on two sides of the triangle, and an open space in the centre; that this space had been very frequently used for years, without objection by defendants, as a playground by the boys in the neighborhood; that, on the day of the accident, the plaintiff and fifteen other boys had for at least three quarters of an hour before the accident been seated on the freight cars, looking at a ball game, in full view of one of defendant's watchmen and others of its employees; that the cars in question, unattached to any motor power, were stationed at the place where defendant "put cars that stand for some time"; that the boys had been "playing" on or around the cars for "over three months"; that they had been on top of them "a couple of times," and the watchman was in view "every day" they played around or sat on top of them; that the accident was caused by a runaway engine which collided with a train coming from the opposite direction, thus upsetting itself, or the locomotive of the train; that, as a result, the freight cars on the adjoining track on which plaintiff was seated, were struck in the rear, and plaintiff was injured by being caught between two of them; and it was admitted by defendant's counsel at the trial that the engineer, of the running engine, lost control of the mechanism in such a way that the brakes would not work, as a result of which the engine gained speed just prior to the accident, and "both the engineer and fireman jumped to save their lives."

4. In such a case, when counsel for defendant undertook to admit the circumstances which gave rise to and attended the runaway engine, knowledge peculiarily within the possession of the defendant, and failed to state facts which would relieve his client from the implication of negligence put upon it by those already proved or admitted, it was for the jury to say whether, on the evidence and admission, defendant was guilty of negligence in the premises.

5. Where a thing is shown to be under the management of defendant and the accident is such as in the ordinary course of things

does not happen if proper care is used, the burden is on defendant to prove that the accident did not arise from want of care.

6. As no contributing cause intervened to interrupt the sequence of events, which were set in motion by the railroad company's failure to maintain control of its instrumentalities, the jury was warranted in finding defendant's negligence to be the proximate cause of plaintiff's injury.

Argued January 7, 1920.   Appeal, No. 31, Jan. T., 1920, by plaintiff, Stanley Gawronski, from judgment of C. P. No. 4, Phila. Co., March T., 1918, No. 4016, for defendant n. o. v., in case of Stanley Gawronski, by his next friend and father, Antonio Gawronski, and Antonio Gawronski, in his own right, v. William G. McAdoo, Director General of Railroads.   Before MOSCHZISKER, FRA--. ZER, WALLING, SIMPSON and KEPHART, JJ.   Reversed.

Trespass for personal injuries to a boy eight years old. Before FINLETTER, J.

Verdict for plaintiff, Stanley Gawronski, for $3,750, and, as to his father, for defendant.

The court entered judgment as to Stanley Gawronski, for defendant n. o. v.   Plaintiff, Stanley Gawronski, appealed.

*Error assigned* was entry of judgment for defendant n. o. v.

*Abraham Wernick,* with him *I. G. Gordon Forster* and *Rowland C. Evans,* for appellant.—There can be no doubt that under the evidence in this case defendant company owed plaintiff a duty to use ordinary care and whether such ordinary care was used was a question for the jury: Petrowski v. Phila. & Reading Ry., 263 Pa. 531; Toner v. Penna. R. R., 263 Pa. 438; Francis v. B. & O. R. R., 247 Pa. 425; Counizzarri v. Phila. & Reading Ry., 248 Pa. 474; Piepke v. Reading Ry., 242 Pa. 326; Kilpatrick v. Phila. & Reading Ry., 55 Pa. Superior Ct. 399.

The very fact that children played ball there for over 15 years was sufficient to put defendant on notice that the same children would be tempted to climb on standing cars and be seated there to watch the ball games: Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609; Kilpatrick v. Phila. & Reading Ry., 55 Pa. Superior Ct. 399.

*Wm. Clarke Mason,* for appellee.—The burden being on plaintiff to prove negligence and there being no evidence except proof of the accident, there is no foundation to support a verdict against defendant, and therefore the judgment of the court below is clearly correct: Crary v. Lehigh Val. R. R., 203 Pa. 525; Ackerman v. Union Traction Co., 205 Pa. 477.

The evidence justifies the conclusion that there was no negligence and therefore even though plaintiff had a status different from that of a trespasser he could not recover. The facts, however, show that he was clearly entitled to no greater protection than a trespasser. There is no evidence in this case that his injury resulted from any wanton disregard of his position and until this was proved he was not entitled to have his case submitted to the jury: Weatherbee v. P., B. & W. R. R., 214 Pa. 12; Schleich v. B. & O. R. R., 245 Pa. 184; DiMeglio v. P. & R. Ry., 249 Pa. 319; McGinnis v. Peoples Bros., 249 Pa. 335; Osborne v. P. & R. Ry., 263 Pa. 472.

OPINION BY MR. JUSTICE MOSCHZISKER, March 1, 1920:

On April 15, 1918, about 7 p. m., Stanley Gawronski, not quite eight years of age, was injured while on a freight car, which was standing, with others, in an open railroad yard of defendant company at American and Norris streets, Philadelphia.

The opinion handed down by the court below, entering judgment for defendant n. o. v., correctly describes the location thus: "The scene of the accident was defendant's right-of-way, which is partly coincident with the lines of American street, as plotted but unopened. The

right-of-way at this point was quite wide and somewhat in the form of a triangle. There are tracks on two sides of the triangle and an open space in the center; this space was very frequently used, without objection on the part of defendant, as a playground by the boys in the neighborhood, who were in the habit of playing baseball there [and it had been so used for many years]. Defendant's brakeman and other employees frequently took part in the games. It is quite likely that the ball field was not confined to the open space between the tracks, but extended over the latter."

On the day above stated, for at least three quarters of an hour before the accident, fifteen boys, Stanley among them, had been seated on the beforementioned freight cars, looking at a ball game, in full view of one of defendant's watchmen and others of its employees. The cars in question, unattached to any motive power, were stationed at a place where defendant "put cars that stand for some time"; and, while the testimony is meager, yet young Gawronski's brother stated he and Stanley had been "playing over three months" on and around the cars, between which the former was caught and injured; that they had been on top of them "a couple of times"; and the railroad watchman was within their view "every day" they either played around or sat on top of such cars.

The accident was caused by a "runaway engine" which collided with a train coming from the opposite direction, thus upsetting either itself or the locomotive of the latter (which, is not made certain) ; as a result of this collision, the freight cars on the adjoining track were struck in the rear, and the Gawronski boy was injured by being caught between two of them.

Exactly what caused the engine to run away was not shown; but, when plaintiff was proving his case, counsel for defendant made the following admission: "It is admitted that the engineer of the runaway engine......
lost control of the mechanism of the engine in such a

way that the brakes would not work"; that the engine gained speed just prior to the accident and "both the engineer and fireman jumped to save their lives."

The jury gave the minor plaintiff a verdict of $3,750, upon which the court below refused judgment, saying, inter alia: "The accident did not result from the use of the place as a playground, but because the boy was otherwise trespassing and was in a situation where he was not to be looked for, and where the railroad could not, by any custom proved, have been charged with knowledge of his presence actual, likely, or probably; the permissive use of the place shown by the testimony was as a playground, but nowhere was it suggested that there was any custom or permission to use standing cars as part of the playground."

We have repeatedly held that, where a railroad company permits its yards or tracks to be used as a playground for children, the corporation is required to operate its rolling stock with due care to avoid injuring such children, and that the ordinary rule, as to the limited measure of duty owing to trespassers, is inapplicable: O'Leary v. Pittsburgh, etc., R. R., 248 Pa. 4, 9; Counizzarri v. P. &. R. Ry., 248 Pa. 474, 477, 478; Francis v. B. & O. R. R., 247 Pa. 425, 429; as to the duty toward children, see also Toner v. P. R. R., 263 Pa. 438, 440; Petrowski v. P. & R. Ry. Co., 263 Pa. 531, 536; Piepke v. P. & R. Ry. Co., 242 Pa. 321, 326.

We have held likewise that one fixed with a duty to regard the safety of children is obliged reasonably to anticipate they will do the ordinary and natural things which may be looked for from them under the circumstances. What we said in Hydraulic Works Co. v. Orr, 83 Pa. 332, 336—"The mind......sees at once that in such a place, and under these circumstances, he [defendant] had good reason to expect that one day or other some one, probably a thoughtless boy,......would be led there"—is not inappropriate here, when considering plaintiff's position on defendant's cars.

As before indicated, the testimony shows that freight cars were ordinarily permitted to stand in defendant's yard, and that those upon which plaintiff was hurt had for some time been located where they could readily be occupied as a "grandstand" for the baseball games which were constantly going on there. True, it was not specifically shown that these particular cars, or others, had on any considerable number of occasions been actually so employed, but, under the circumstances, it was for the jury to say whether defendant,—knowing how the cars were located, that youngsters were in the habit of playing on or about them, and that the grounds immediately adjacent were continually used as a ball park by the boys of the neighborhood,—should not have anticipated the presence of children; and, when we add to all of this the further fact that defendant's watchman was, for at least three quarters of an hour prior to the accident, in a position to see and must have known plaintiff and other persons of tender years were on the cars in question, it becomes clear the case was for the jury— to say whether or not the railroad acted with due care toward these little ones when, without requiring its employees either to give the boys warning or clear them off the cars, it permitted the collision which led to plaintiff's injury.

Defendant contends that, besides the position assumed by the court below in entering judgment n. o. v., negligence was not sufficiently proved, since plaintiff failed to show precisely what caused the locomotive to run away; but we cannot subscribe to this view. Counsel for defendant volunteered an admission wherein he stated: "The engineer lost control of the mechanism of his engine in such a way that the brakes would not work." This, in the absence of further explanation, presumably within the power of defendant to make, was sufficient to justify the jury in finding either that the locomotive was defective or that it was improperly han-

dled by the men having charge thereof, either of which would constitute negligence.

The admission just referred to was made at the end of plaintiff's case, evidently for the purpose of saving him from presenting further testimony, by supplying, in this manner, the necessary information relative to the actual cause of the runaway of the engine. We say this, because, immediately thereafter, defendant moved for a nonsuit, stating various reasons, but not that proof of negligence was lacking so far as the runaway of the engine is concerned; in fact, that point does not appear to have been specifically raised until the written motion for judgment n. o. v. was filed after the trial.

The presiding judge said to the jury: "As to the lack of control of the engine......the fact is established by admission......that this engine was so operated it ran into another car upon its track, upsetting the latter and throwing it into two neighboring cars, causing this boy's injury. I leave it to you to say whether that is a proper control of the engine, or whether that is not evidence of a lack of control on the part of those who were in charge on that day. The only suggestion or reason for the conduct of the engineer and fireman in jumping from the engine and letting it go wild, uncontrolled, is that they thought their lives were in danger." At this point, counsel for plaintiff suggested: "According to the admission, I gather that the brakes were out of order on this day"; to which Mr. Mason replied: "There is no such admission." Even here, counsel for defendant did not specifically contend there was no proof of negligence; although, at the end of the trial, he took an exception "to that part of the charge which is concerned with the proof of negligence," and the court then said: "Of course, gentlemen, if there is no negligence shown in this case, your verdict must be for defendant." As before intimated, when counsel for defendant undertook to admit the circumstances which gave rise to and attended the runaway of

the engine—knowledge peculiarly within the possession of defendant—and failed to state facts which would relieve his client from the implication of negligence put upon it by those already proved or admitted, it was for the jury to say whether, on the evidence and admission, defendant was guilty of negligence in the premises.

For a ruling illustrative of the principle just applied, see Janock v. B. & O. R. R. Co., 252 Pa. 199, where certain cars overturned on the elevated tracks of a railroad, and their contents spilled, injuring a pedestrian on the street beneath. We held the defendant liable, saying (pp. 200-201) : "Freight cars do not ordinarily leave their tracks......; when they do so, the natural inference is either the tracks or cars were in a defective condition, or the method of operating the train faulty." See also Dougherty v. Phila. Rapid Transit Co., 257 Pa. 118, 124; Haggerty v. Phila. Rapid Transit Co., 244 Pa. 107.

No contributing efficient cause having intervened to interrupt the sequence of events which were set in motion by the railroad company's failure to maintain control of its instrumentalities, the jury was warranted in finding defendant's negligence to be the proximate cause of plaintiff's injury : Gudfelder v. Pittsburgh, etc., Ry., 207 Pa. 629, 633, et seq.; Chambers v. Carroll, 199 Pa. 371, 374.

For the reasons here given, the judgment for defendant is reversed and the record remitted to the court below with directions to enter judgment for plaintiff.