HOLDEN *v.* CARMEAN.

Opinion delivered November 19, 1928.

*Dillon & Robinson* and *S. S. Jefferies,* for appellant.

*S. L. White* and *Snodgress & Snodgress,* for appellee.

SMITH, J. Appellee Rogoski owns a portion of the lot forming the southeast corner of Markham and Pulaski Streets, in the city of Little Rock, and appellant owns the remainder. Some years ago the city opened up Pulaski Street so that it ran at a right angle into Markham Street, and in so doing it became necessary to excavate Pulaski Street to lower it to the grade of Markham. *Little Rock* v. *Holden,* 124 Ark. 599, 186 S. W. 293. The case cited involved the identical property here in litigation.

The excavation of Pulaski Street left the lot owned by Rogoski and appellant about ten feet above the grade line of Pulaski Street. Rogoski, desiring to improve his

portion of the lot, lowered it to the grade line of Pulaski Street, and in so doing appellant's part of the lot was left about ten feet higher than that of Rogoski's part. It is said that this condition itself damaged appellant's property, and that she should have damages on that account. Damages were also claimed to compensate the injury alleged to have been inflicted upon appellant's portion of the lot by the manner in which the excavation was done, and suit was brought against both Rogoski and the independent contractor who did the work.

The trial court held that the mere excavation of. the Rogoski part of the lot conferred upon appellant no cause of action, and we concur in that view. Rogoski had the right to excavate his property to the grade line of the streets, and if appellant was injured thereby it was, so far as Rogoski was concerned, *dammum absque injuria*. Appellant has had her day in court when she sued the city for damages resulting from changing the grade line of Pulaski Street. *Little Rock* v. *Holden, supra.*

. It does not follow, however, that, because Rogoski had the right to excavate his lot to the grade line of the street, he could do this work or have it done in a negligent manner. The lot was composed of rock, which had to be broken up before it could be removed, and dynamite was employed for that purpose.

Appellant requested an instruction reading as follows:

"You are instructed that dynamite is a highly dangerous article or instrumentality, and any one using it in a crowded city for blasting is required to use more than ordinary care. The one so using it is required to use the utmost care to prevent injury to property of others. If you find from the evidence that defendant failed to use the utmost care in the use of the dynamite in this case, then you must return a verdict for the plaintiff."

The court refused this instruction, and gave one which imposed the duty only to exercise ordinary care.

There was a verdict and judgment in favor of Rogoski and his contractor who did the work, and who were jointly sued, and this appeal is from that judgment.

We think the instruction set out above should have been given. In the case of *Rafferty* v. *Davis,* 214 Pa. 244, 103 Atl. Rep. 951, the Supreme Court of Pennsylvania said:

"We have several times said that extreme care must be observed in the use of so dangerous a substance as dynamite. In *Sowers* v. *McManus*, 214 Pa. 244, 245, 63 Atl. 601, the present Chief Justice said that the general rule in cases of the explosion of dynamite, where third parties having no relation to the person having it in possession are injured, is that the highest degree of care must be exercised" (Citing cases).

Cases cited in a note to 11 R. C. L., page 657, chapter "Explosions and Explosives," and 25 C. J., page 195, chapter "Explosives," support the statement of the law approved by the Supreme Court of Pennsylvania and quoted above.

The instructions of the court did not limit plaintiff's recovery to injury occasioned by substances cast upon the lot by the explosives, but allowed a recovery, if the defendants were liable at all, for the damage caused by the concussion of the air or of the earth, and this was correct. *Fitzsimmons & Connell Co.* v. *Braun & Fitts*, 199 Ill. 390, 65 N. E. 249, 59 L. R. A. 421.

The court charged the jury when and under what circumstances Rogoski would be liable for the negligence of the independent contractor employed by him to excavate the lot. The instructions on this subject were not objected to by either side, and appear to conform to the law as declared in the recent case of *Stout Lbr. Co.* v. *Reynolds,* 175 Ark. 988, 1 S. W. (2d) 77.

No error appears in the record, except the failure of the court to charge that the highest degree of care should have been employed in the use of the dynamite, but the judgment must be reversed for this error, and it is so ordered.