McGEORGE *v.* HENRY AND JAMISON.

4-4483

Opinion delivered January 11, 1937.

*John Sherrill* and *Osro Cobb*, for appellants.

*Abe Collins, E. K. Edwards* and *B. E. Isbell,* for appellees.

McHANEY, J. Appellees, Henry and Jamison, filed separate suits against appellants to recover damages to their separate properties caused by blasting rock from a quarry near their lands which resulted in a disturbance of the rock and earth strata under their lands in such a way as to drain or dry up a well on each of their properties. The cases were consolidated and trial to a jury resulted in separate verdicts and judgments for $750, for each appellee, and a special finding by the jury that the damage was temporary. The charge as laid in each complaint was, that appellants negligently, carelessly and willfully used excessive charges of explosives in loosen-

ing and removing rock from the quarry so that the structure, rock wall, and water table underlying their premises were cracked, broken and dislodged so as to drain the water from the wells, and divert the flow of the underground water under their lands away from its natural channel and reservoir, destroying their water supply. Appellants denied they were guilty of negligence or that they committed any willful injury on appellees or that they were responsible in any way for the damages alleged. The case was submitted to the jury on the theory of negligence or no negligence in the use of excessive charges.

Appellants first say the verdicts are not supported by substantial evidence for the reason they were not negligent in being unable to foresee that the blasting at the quarry would have damaged the Jamison well, located some 1,200 feet therefrom or the Henry well located some 600 feet therefrom. The question was not whether they could actually foresee the particular damage, but whether, as reasonably prudent persons, they might anticipate some damage to adjacent property by the use of excessive charges of a highly dangerous substance. There is ample authority to the effect that under such circumstances the landowner may recover damages without proof of negligence, even though negligence is laid in the complaint. *Patrick* v. *Smith*, 75 Wash. 407, 134 Pac. 1076, 48 L. R. A. (N. S.) 740; *Exner* v. *Sherman Power Construction Co.*, (C. C. A. 2nd Circuit), 54 Fed. (2d) 510, 80 A. L. R. 686. We do not now adopt such rule, as it appears to us that the evidence is sufficient to go to the jury on the question of negligence. As to the degree of care required, see *Holden* v. *Carmean*, 178 Ark. 375, 10 S. W. (2d) 865. The testimony is to the effect that each of the appellees had a good well of water on their respective premises, giving ample water supply at all times for many years prior to June 26, 1935. On June 21, 1935, blasting was begun in the quarry and on the 26th, the wells failed. The wells are located on a hill and the quarry is in a gulch between that hill and another. Henry's well is 52 feet deep and the blasting site was 6.8 feet lower than the bottom of his well, and is also

lower than the bottom of the Jamison well. After the blasting began, a large stream of water ran out of the excavation into the gulch where prior thereto there was no water except from rain. A mining engineer testified that excessive charges were used in blasting, and that the blasting drained the appellees' wells. Numerous other witnesses testified, some for appellees and some for appellants. We think the evidence sufficient to submit to the jury as to whether appellants were negligent, and as to whether the blasting was the proximate cause of the injury.

We agree with appellants, however, that the damages assessed were excessive. The jury found, by a special verdict, that the injury was temporary, which we interpret to mean that the wells can be rehabilitated or other wells sunk with good results. The mining engineer, sponsored by appellees, testified that a water supply could be found lower down and, in his opinion, the lower water veins have not been disturbed. Others in the same vicinity whose wells were adversely affected by the blasting got good results by going deeper, and we think the jury has found they may do likewise by finding only temporary damage. The proof shows that new wells may be drilled at a cost of from $1 to $2.50 per foot. A number of disinterested witnesses, who showed knowledge of land values, testified that the difference in value of appellees' properties with and without water is from $150 to $200. We are, therefore, of the opinion that judgments in excess of $200 each are not warranted by the evidence. The judgments will be so modified, and as modified, affirmed.

HUMPHREYS and MEHAFFY, JJ., dissent as to reduction of judgment.