**BENNETT v. TEXAS–ILLINOIS GAS PIPELINE CO. et al.**

**WILLIAMS v. TEXAS–ILLINOIS GAS PIPELINE CO.**

Nos. 2442, 2447.

United States District Court
E. D. Arkansas, W. D.

July 9, 1953.

Neva B. Talley, U. A. Gentry, Little Rock, Ark., for plaintiffs.

Cooper Jacoway, Little Rock, Ark., for defendants.

TRIMBLE, Chief Judge.

The defendants are respectively a pipe line company and a construction company who constructed the pipe line under contract with the pipe line company.

The allegations of the complaint are that in digging the trench in which the pipe line was laid the defendants used dynamite to break up the rock, and that while in the construction of the pipe line they negligently, carelessly and willfully used excessive charges of explosives in loosening and removing the rock, and thereby the damages complained of were caused. However, at the pretrial plaintiffs asked the court to follow the rule of absolute liability and hold that defendants were liable for consequent damages irrespective of negligence.

Counsel for both parties have prepared and filed able and excellent briefs upon the question. These briefs have been of great benefit to the court. The court appreciates the time, diligence and study exercised by counsel.

All parties agree that under the doctrine of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, this

court must follow the law of Arkansas. The plaintiffs contend that the Supreme Court of Arkansas has not decided the issue, and, therefore this court is free to follow the general law. The general law, they say, is that the user of ultra-hazardous agencies, such as dynamite, is liable for consequential damages to adjoining landowners regardless of negligence. The defendants' theory is there can be no liability for damages from blasting without negligence.

It is not necessary to go far afield to find an answer to the question asked. In the case of Holden v. Carmean, 178 Ark. 375, 10 S.W.2d 865, the Supreme Court had before it a case of alleged damages by blasting. In that case plaintiff asked an instruction reading 178 Ark. at page 376, 10 S.W. 2d at page 866:

> "You are instructed that dynamite is a highly dangereous article or instrumentality, and any one using it in a crowded city for blasting is required to use more than ordinary care. The one so using it is required to use the utmost care to prevent injury to property of others. If you find from the evidence that defendant failed to use the utmost care in the use of the dynamite in this case, then you must return a verdict for the plaintiff."

The trial court refused to give this instruction, but gave an instruction which only imposed the duty to exercise ordinary care. The Supreme Court reversed the case and ruled the instruction should have been given. It cited with approval the case of Rafferty v. Davis, 260 Pa. 563, 103 A. 951, 952, where the Pennsylvania Court said:

> "We have several times said that extreme care must be observed in the use of so dangerous a substance as dynamite. In Sowers v. McManus, 214 Pa. 244, 245, 63 A. 601, the present Chief Justice said that the general rule in cases of the explosion of dynamite, where third parties having no relation to the person having it in possession are injured, is that the highest degree of care must be exercised."

The Supreme Court of Arkansas, further said:

> "No error appears in the record, except the failure of the court to charge that the highest degree of care should have been employed in the use of the dynamite; but the judgment must be reversed for this error * * *."

The case of Holden v. Carmean, supra, did not hold in explicit and express language that negligence was a requisite element in the right to recovery, but it did lay down the rule as to the degree of care required to prevent injury to property of others. Where one is required to " 'use the utmost care to prevent injury to property of others' ", then, necessarily the want of such care is negligence.

In the case of McGeorge v. Henry and Jamison, 193 Ark. 443, 444, 101 S.W.2d 440, 441, the Court had before it a case of damage to wells by reason of blasting. Appellant was operating a rock quarry in which he used dynamite to loosen the rock and appellees owned lands near. They alleged that by reason of the blasting their wells had been destroyed. There the court said:

> "There is ample authority to the effect that under such circumstances the landowner may recover damages without proof of negligence, even though negligence is laid in the complaint. [Citing cases.] We do not now adopt such rule, as it appears to us that the evidence is sufficient to go to the jury on the question of negligence. *As to the degree of care required,* see Holden v. Carmean, 178 Ark. 375, 10 S.W.2d 865."

In the case of Benton Gravel Co. v. Wright, 206 Ark. 930, 175 S.W.2d 208, the Supreme Court of Arkansas had before it a case in point. There the court said, 206 Ark. on page 932, 175 S.W.2d on page 209:

> " * * * and appellant urges that in the absence of the proof of negligence the appellee cannot recover, since the damages pleaded in this case were from concussion and vibration and not from falling stones and debris.

There is a conflict of authority on this question. One line of cases holds that even in the absence of negligence, one engaged in blasting is liable for damages caused only by vibration and concussion. Another line of cases holds exactly to the contrary. These two lines of authority are discussed in 22 Am.Jur. 180, and 35 C.J.S., Explosives, § 8, p. 238. In the annotation in 92 A.L.R. 741, our own case of Holden v. Carmean, 178 Ark. 375, 10 S.W.2d 865, is listed as adhering to the first-mentioned line of authorities. Our case does not go as far as the annotation states. We have never adhered to either line of authorities. * * * We do not now adopt such a rule, as it appears to us the evidence is sufficient to go to jury on the question of negligence."

The Supreme Court of Arkansas having held in the case of Holden v. Carmean, supra, that negligence is a necessary element in the right to recovery, and no later case having overruled that holding, this court will hold that negligence is a necessary element. The court will not attempt to forecast what some future decision on that point by the Supreme Court of Arkansas may be.

It is the opinion of the court that the case should be submitted to the jury upon instruction telling the jury, in effect, that dynamite is a highly dangerous instrumentality, and anyone using it for blasting is required to exercise such care in its use as is commensurate with the nature of the instrumentality, and the conditions and circumstances surrounding its use, so as not to injure the property of others. And that if the jury finds from the evidence that the defendants failed to use that degree of care and that as a proximate and consequent result of such failure to use that degree of care the plaintiffs were damaged as alleged, then the verdict would be for the plaintiffs.

Counsel for the parties will please prepare a suggested instruction along this line.