## Ryman, Appellant, v. Borough of Girard.

*Streets—Adverse possession — Prescription — Rights of abutting owners.*

When the public had acquired rights in a street by prescription, and not by dedication, such prescriptive right will include only land actually used for street purposes, no matter what its width may be. When the municipal authorities wish to widen or straighten any such street they must proceed in the manner authorized by statute and make compensation to the owners of property in which the public have not acquired a prescriptive right through adverse user.

Argued April 14, 1919. Appeal, No. 9, April T., 1919, by plaintiff, from judgment of C. P. Erie Co., September T., 1915, No. 1, In Equity, refusing to grant an injunction in the case of W. T. Ryman v. Borough of Girard. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Bill in equity for injunction. Before WHITTELSEY, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was the order of the court.

*S. Y. Rossiter*, for appellant.—There was no evidence of user of the property in question and the injunction should have been made perpetual without prejudice to the right of the borough to exercise its right of eminent domain: Seminary v. Washington Boro., 18 Pa. Superior Ct. 555; Zeeman v. Saleburg, 25 Pa. Superior Ct. 423;

Commonwealth v. Royce, 152 Pa. 88; Shamokin v. Helt, 250 Pa. 80; Weiss v. South Bethlehem Boro., 136 Pa. 294.

*W. P. Gifford*, of *Gunnison, Fish, Gifford & Chapin*, for appellee, cited: Commonwealth v. Emma Moorehead, 118 Pa. 344; McGuire v. Wilkes-Barre, 36 Pa. Superior Ct. 421; Kittanning v. Brown, 41 Pa. 269; Schmitt v. Carbondale, 257 Pa. 451; In re State Road, 236 Pa. 145.

OPINION BY PORTER, J., October 13, 1919:

The plaintiff filed this bill, averring that the borough authorities were about to construct a sidewalk on Locust street, and in doing so were appropriating property of which the plaintiff and his predecessors in title had long been in exclusive possession and which never had been a part of the street, he prayed for an injunction to restrain such action. The borough filed an answer averring that the sidewalk was being laid in conformity with law and was not an encroachment upon plaintiff's property. The case went to a final hearing, and the court below dismissed the bill at the costs of the plaintiff; from which decree we have this appeal.

The learned judge of the court below was of opinion that this case was governed by the principle that adverse possession by an individual of any portion of a highway dedicated to public use, will not bar the right of the public to the use and enjoyment of the whole way. It is the settled law of Pennsylvania that where the owner of land dedicates it to public use as a street of a given width and such dedication is accepted by the public by using it as a highway, the right of the public extends to all the land within the width as dedicated, although only a part of that width may be actually used. The rights of the public, in such a street, are not destroyed by long continued encroachments by abutting owners: Hileman v. Hollidaysburg Borough, 47 Pa. Superior Ct. 41; State Road, 236 Pa. 141; Schmitt v. Carbondale, 257 Pa. 451. The

difficulty with this case is that there was not a scintilla of evidence that Locust street had ever become a public highway through an express dedication of the land upon which it was located as a public street by the owner, nor that it had been located and opened as a road or street by the municipal or other public authorities.   The uncontradicted evidence clearly established that this plaintiff and those under whom he claims had been in the exclusive adverse possession of the strip of ground four feet wide in question for almost fifty years, and during the entire period of which there was any evidence that Locust street had been a traveled public highway.   There is a distinction between a street which has been dedicated to public use by the owner of the land and one in which the public have acquired rights by prescription.   "But although the fundamental principles of each may not coincide, user by the public as a way or for any other public use, for the period which will bar actions relating to real property, has generally been recognized as creating a public right founded upon a presumed dedication......But where there is no other evidence against the owner to support the dedication, but the mere fact of such user, so that the right claimed by the public is merely prescriptive, it is essential to maintain it, that the user or enjoyment should be adverse, that it is with claim of right, and uninterrupted and exclusive for the requisite length of time; but when it is said that it must be uninterrupted, this refers to the right, and not simply to an interruption of the use" : Dillon on Municipal Corporations, vol. 3, 1080. This principle was recognized and acted upon by the Supreme Court in Weiss v. South Bethlehem Borough, 136 Pa. 294.

The evidence in this case clearly established that Locust street had been a traveled highway, over which the public authorities exercise jurisdiction since the year 1870.   It was undoubtedly a public street, but the rights of the public therein were based only upon prescription, arising from the long continued user adverse to the own-

ers of the land.   The rights of the public being dependent
exclusively upon adverse user, they must be restrained to
the limits to which the use extends.   The burden was
upon the borough to establish that the strip of ground
upon which it was asserting the right to lay a sidewalk,
and which had long been in the possession of the plaintiff,
had at some time been a public street.   The evidence not
only failed to show that the strip of ground in dispute had
ever been a part of the street, but it did conclusively
establish that this land had never been used by the pub-
lic.   The learned judge of the court below gave undue
weight to an old map of the borough said to have been
made by George Platt, a civil engineer, and which the
present borough engineer testified he believed to indicate
that Locust street was fifty feet wide.   The manner in
which the borough engineer arrived at his conclusion was
by comparing the width of that street as drawn upon the
map with other streets the width of which he knew, and
then assuming that the map was drawn accurately to a
scale.   This map did not have upon it a single figure to
indicate the size of any lot or the width of any street or
the distance of the streets from each other or the bearing
of any street.   It might be convenient for tourists who
wish to wander through the streets of this borough, but it
was of absolutely no use for the determination of ques-
tions involving property rights.   There was no evidence
that this map had been made by authority of the borough,
and even if the borough authorities had ordered it to
be made it was without value in determining the location
and width of a street when the only evidence of the ex-
istence of that street establishes it to be a highway in
which the rights of the public are founded entirely upon
adverse user.   There is no presumption that a highway
in which the public have only prescriptive rights is either
straight or of uniform width.   When the municipal au-
thorities wish to widen or straighten such a street they
must proceed in the manner authorized by statute and
make compensation to the owners of property in which

the public have not acquired a prescriptive right through adverse user.   The evidence in this case did not establish that the public had acquired any right to use the strip of ground in question as a part of the street and the plaintiff was entitled to the relief which he sought.

The decree of the court below is reversed and the record is remitted with direction to issue the injunction prayed for, and it is ordered that the appellee pay the costs in this court and the court below.