# Carroll *v.* Hannan, Appellant.

*Ejectment—Evidence—Record of deeds—Name of county—Presumption—Abstract of title.*

1. Where, in ejectment, plaintiff files an abstract of title setting forth his title deeds with the books and page where recorded, but in some instances the name of the county is omitted, such omission is immaterial and the deeds are properly admitted, where it appears that the land at issue was properly described as in the county where it was situated, and it also appears that the answer of defendant admitted that plaintiff was owner in fee at a date subsequent to the dates of the deeds.

2. In such case the presumption would be that the records referred to were in the same county as that in which the land was situated.

*Appeals—Refusal to grant nonsuit.*

3. No appeal lies from the refusal of the trial court to grant a compulsory nonsuit.

*Appeals — Remarks of counsel — Harmless error — Exception — Withdrawal of juror—Discretion of court.*

4. The refusal of the trial court to withdraw a juror because of alleged improper remarks of counsel, is not ground for an assign-ment of error, where no exception was taken to the refusal.

5. The withdrawal of a juror in such case is largely a matter for the trial court's discretion.

6. Remarks of counsel are harmless where they have no bearing on the only question submitted to the jury.

*Appeals—Assignments of error—Lumping assignments.*

7. An assignment of error will not be considered where it alleges error in refusing to affirm a number of points all of which are set forth consecutively in the assignment. Such a lumping assignment violates Rule 22 of the Supreme Court.

*Res judicata—Ejectment—Equity—Specific performance.*

8. Where a person claiming land files a bill for specific performance and there is an adjudication against him, such decree is res judicata of an action of ejectment subsequently instituted by him on the same cause of action.

Argued February 7, 1927. Before FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

66            CARROLL v. HANNAN, Appellant.

Appeal, No. 8, Jan. T., 1927, by defendant, from judgment of C. P. Schuylkill Co., Sept. T., 1922, No. 173, on directed verdict for plaintiff, in case of George J. Carroll v. Michael F. Hannan. Affirmed.

Ejectment for land in Tamaqua Borough. Before Koch, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiff. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*J. O. Ulrich,* for appellant.

*R. J. Graeff,* with him *John F. Whalen* and *D. J. Boyle,* for appellee.

Opinion by Mr. Justice Walling, March 14, 1927:

In October, 1916, the plaintiff, then admitted owner of the hotel and curtilage, here in question, at Tamaqua, demised the same to defendant for a five-year term, the lease giving the tenant an option to purchase the property during the term, at a stipulated price. At the expiration of the term the tenant refused to vacate, claiming he had exercised the option to purchase. This being denied, he filed a bill in equity for specific performance, which the lower court dismissed on demurrer. The tenant, plaintiff in the bill, appealed to this court where the bill was reinstated with directions to proceed to a trial upon the merits. See Hannan v. Carroll, 277 Pa. 32. Such trial took place and in due course a final decree was entered in favor of the landlord, the defendant in the bill. From such final decree an appeal was taken to this court by the plaintiff therein, and resulted in an affirmance, at the costs of appellant. See Hannan v. Carroll, 283 Pa. 61. Meantime Carroll, the original landlord,

had brought an action of ejectment for the premises in question, which was put at issue and tried before a jury, resulting in a directed verdict for the plaintiff, leaving to the jury the question of mesne profits, on which verdict judgment was duly entered. Therefrom Hannan, the original tenant, brings up his third appeal.

We can consider only the errors assigned, five in number, and none should be sustained. In the instant case, plaintiff filed a declaration, setting forth his cause of action, also an abstract of title, as the statute provides. The latter set forth his title deeds with the book and page where recorded, but, in some instances, omitted the name of the county. The admission of these deeds forms the first and second assignments of error. The land at issue, being described as in Schuylkill County, there would be a presumption that the records referred to were in the same county, especially as defendant had entered a defense to the merits without complaint as to the character of plaintiff's abstract. Furthermore, the defendant's answer expressly admits plaintiff was owner in fee of the premises in question in October, 1916. Hence, as he was admittedly the common source of title, the prior deeds to him became unimportant: Sautter et ux. v. Rowland, 285 Pa. 212.

The third error assigned is to the refusal of the trial court to grant a compulsory nonsuit. To have done so, in the face of the record, would have been entirely indefensible. In addition, error cannot be assigned to the refusal to grant a compulsory nonsuit: Keck v. Pbg. Harmony, Butler & N. C. Ry. Co., 271 Pa. 479; Wallace v. Jameson et al., 179 Pa. 98; Morgan v. Duquesne Boro., 29 Pa. Superior Ct. 100.

The fourth alleged error is the trial judge's refusal to withdraw a juror and continue the case, because of remarks made by plaintiff's counsel during the cross-examination of defendant. We have read the remarks and agree with the trial judge that they were harmless. Furthermore, defendant took no exception to such refusal;

hence, the matter cannot be assigned as error. See Morgan v. Lehigh Valley Coal Co., 215 Pa. 443. Again the question of the withdrawal of a juror is one for the trial court's discretion: Wilhelm v. Uttenweiler, 271 Pa. 451. In any event the remarks complained of could have had no bearing on the only question submitted to the jury, that of mesne profits.

The fifth and last error assigned says: "The court erred in refusing to affirm the points presented by the defendant, which points were as follows:" (Copying in the assignment six separate requests for instructions to the jury.) This is a flagrant disregard of our Court Rule 22, which reads: "Each error relied on must be specified particularly and by itself. If a specification embraces more than one point, or refers to more than one bill of exceptions, or raises more than one distinct question, it may be disregarded." We have repeatedly held such lumping assignments will not be considered (see Tate-Jones Co., Inc., v. Union E. S. Co., 281 Pa. 448, 457; Orth v. Consumers Gas Co., 280 Pa. 118; York Mfg. Co. v. Chelton Ice Mfg. Co., 278 Pa. 351; North Shore R. R. Co. v. Penna. Co., 251 Pa. 445), and this is no exception to the rule. Moreover, we are not persuaded that any of the defendant's points should have been affirmed.

A complete answer to appellant's contention is the final adjudication against him on the equity side of the court, where he sought specific performance. He had a choice of remedies either at law or in equity and, having sought the latter, he is concluded by the final decree entered against him on the merits of the case: Shaffer v. Wilmore Coal Co., 246 Pa. 550; Larkins v. Lindsay, 205 Pa. 534; and see Havir's Est., 283 Pa. 292, 299; Megahey v. Farmers Savings Fund, 215 Pa. 351.

The judgment is affirmed.