## Donahue, Appellant, v. Punxsutawney Borough.

Argued October 1, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*Charles J. Margiotti,* with him *W. M. Gillespie, S. C. Pugliese* and *Edward Friedman,* for appellant.—A city

or borough can act only by ordinance, whether as to a "proposed" object or an established thing; not only this, but all the requirements of the law as to its enactment must be complied with or the ordinance is void: Jones v. L., H. & P. Co., 202 Pa. 164; Carpenter v. Boro., 208 Pa. 396; Com. v. Beaver Boro., 171 Pa. 542, 566; Verona Boro.'s App., 108 Pa. 83; Jeffreys v. Boro., 55 Pa. Superior Ct. 85; Milford Boro. v. Water Co., 124 Pa. 610; Com. v. Kelly, 250 Pa. 18; Knight v. Press Co., 227 Pa. 185; Carlisle Boro. v. Eppley, 27 Pa. Dist. R. 189.

A case particularly applicable to the opening and laying out of streets is that of Dorrance v. Boro., 181 Pa. 164. Other cases are: Lehigh Coal & Nav. Co. v. St. Ry., 167 Pa. 126, 130; Grier v. Boro., 6 Pa. Superior Ct. 542; Lansdown v. Citizens Co., 206 Pa. 188; Bonner v. Jennings, 224 Pa. 391; Com. v. Kelly, 250 Pa. 18.

Among the numerous cases in which courts have passed upon the validity of borough ordinances are: Jones v. L., H. & P. Co., 202 Pa. 164; Carpenter v. Boro., 208 Pa. 396; Com. v. Beaver Boro., 171 Pa. 542; Com. v. Kelly, 250 Pa. 18.

The costs to which a property owner may be put on account of a street improvement, while not allowed as distinct factors, are yet always proper for the jury in estimating the damages as proper compensation for the property injured or destroyed by the improvement: Dawson v. Pitts., 159 Pa. 317; Greenawalt v. Boro., 64 Pa. Superior Ct. 576.

Assertion of right under eminent domain bars claim by prescription: Weaver's Road, 45 Pa. 405; Youghiogheny v. Hopkins, 198 Pa. 343; Garber v. Doersom, 117 Pa. 162; Taylor v. Parkhurst, 1 Pa. 197; Pittsburgh v. Bell & Sons, 277 Pa. 135, 136; Johns v. Johns, 244 Pa. 48; Phillips v. Incline Plane Co., 153 Pa. 230; Blauser v. Carson, 74 Pa. Superior Ct. 223; Com. v. Bierly, 37 Pa. Superior Ct. 496.

Refusal to withdraw a juror and continue case because of improper remarks of counsel, was error: Kelly

v. Ry., 270 Pa. 77; Gibbons v. R. R., 291 Pa. 141; Der-flinger v. Baking Co., 292 Pa. 575.

*W. C. Pentz,* with him *W. W. Winslow,* Borough Solicitor, *John J. Pentz* and *Ross H. Pentz,* for appellee.—The question of whether appellant had notice of the intended opening of the street and subsequently built his garage thereon, was a question of fact submitted to the jury by the court, although we believe the court would have been justified in holding as a positive fact that appellant did have notice under the evidence in the case.

Appellee proved an easement; of course, the matter of an easement was a question of fact to be submitted to the jury: Kurtz v. Hoke, 172 Pa. 165; Godino v. Kane, 26 Pa. Superior Ct. 596; Russel v. Woodbury, 53 Pa. Superior Ct. 618.

The withdrawal of a juror is largely a matter for the trial court's discretion: United States Circle Swing Co. v. Reynolds, 224 Pa. 577; Com. v. Gelfi, 282 Pa. 434.

OPINION BY MR. JUSTICE WALLING, November 25, 1929:

The Mahoning Creek extends westerly through the Borough of Punxsutawney and the land of the plaintiff, William Donahue, abuts upon the north side thereof. Adjoining his land to the west is that of Richard L. L. Davis, which also abuts on the creek for several hundred feet. Water Street, extending along the north side of the creek and near the bank thereof, had its western terminus, for many years, in plaintiff's land and seventy-nine feet from his west line. The borough, by ordinance duly approved December 2, 1922, purported to extend Water Street westerly through plaintiff's land of the width of fifty feet. A copy of this ordinance was posted on the land and plaintiff promptly took proceedings in court to test its validity, which are still pending. Thereafter, during May and June, 1923, Mr. Donahue built a garage within the limits of the highway as thus projected. By ordinance approved August 14, 1923, the

borough again extended Water Street through plaintiff's premises, the same as by prior ordinance, and extended it ten feet into the Davis land. The validity of this ordinance, although attacked by plaintiff, was sustained. See Donahue v. Punxsutawney Boro., 86 Pa. Superior Ct. 337. Thereupon, the borough caused viewers to be appointed to assess the damages and benefits accruing to Donahue. The petition therefor stated, inter alia, "That the said street passes through a piece of land of one William Donahue a distance of seventy-nine (79) feet and being of the width of fifty (50) feet; That its committee have tried to settle with the said William Donahue as authorized by the terms of the said ordinance, but said William Donahue will not settle or make any offer to settle or fix any price on his premises." On January 25, 1926, the viewers filed their report deciding that plaintiff must remove the garage from the highway at his own expense and awarded him one hundred dollars damages. Donahue appealed to the court of common pleas where he was made plaintiff and the borough defendant in an issue framed to try the question of his damages and benefits. The borough's answer to plaintiff's statement in the issue, for the first time asserted that the land involved was a public street by prescription, having been opened and used as such by the public for more than twenty-one years and hence the borough was exempt from liability for damages. Over plaintiff's objection and exception, evidence tending to establish this averment was offered. The trial judge submitted to the jury the question of prescriptive right, also that of damages and benefits, upon which the evidence was conflicting. The jury rendered a general verdict for the defendant upon which judgment was entered and plaintiff has appealed.

We are unable to sustain the judgment. The borough having taken the land under the right of eminent domain and put plaintiff to the expense of employing counsel and contesting the case before the viewers, could not in

court change its position to a claim of the land by adverse possession. The rule as stated by Mr. Justice SIMPSON, speaking for the court, in Reese et al. v. Comrs., 276 Pa. 253, 255, is: "When a litigant obtains an order of the court, based on a fact averred by him, he is forever estopped, while the order remains in effect, from asserting, as against his adversary, anything differing from the fact so averred: Edwards's App., 105 Pa. 103; Garber v. Doersom, 117 Pa. 162; Donnelly v. Pub. Ser. Com., 268 Pa. 345, 350." While Etnier et al. v. Pascoe, 275 Pa. 308, holds that, "A position assumed by a party in the course of legal proceedings, on which either the court or the opposite party has acted, will be binding on the former in future litigation between the same parties, as well as in all later proceedings in the particular case." See also Bell et al. v. Bell, 287 Pa. 269, 273; 10 R. C. L. page 699; 31 Cyc. page 87.

Furthermore, the evidence was wholly insufficient to establish a claim by prescription. This alleged seventy-nine feet extension of Water Street by prescription, began at a gate and ended at a board fence, in which was a gate or bars. It ended at the line of the Davis land and so far as shown the only use made of it was to reach his property or possibly that of the plaintiff, except on two occasions to reclaim some lumber carried down the creek in times of flood. The only evidence of a road on the ground was wagon tracks. It was never improved as a highway, had neither ditch, turnpike, nor fence, and that it was ever used at a greater width than for one wagon does not appear. Merely crossing a lot in going to and from a private residence, without more, would not create a public street by prescription; at most it would be evidence of a private right-of-way. Moreover, this was not the only way by which the Davis property could be approached. To claim a public highway of the width of fifty feet, under such circumstances, is unthinkable. A way by prescription, whether public or private, can never be wider than that used on the

ground: Ryman v. Girard Boro., 73 Pa. Superior Ct. 57; Canton Boro. v. Williams, 67 Pa. Superior Ct. 239. The right acquired by user is no broader than the use: 13 R. C. L. page 34, section 23. "If the right to the way depends solely upon user, then the width of the way and the extent of the servitude is measured by the character of the user, for the easement can not be broader than the user": Elliott on Roads and Streets, page 136. This differs from a highway by dedication which may be of the full width dedicated although only a part is presently opened to public use: Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318; Ryman v. Girard Boro., supra. The user was never such as to exclude the owner from the land; whether there is any evidence that it was adverse we need not stop to inquire.

There was no finding of special facts, so it is impossible to tell whether the jury found for the defendant because they found plaintiff had sustained no damages, as they might under the evidence, or whether, as is equally probable, they so found because of the conclusion, under the charge of the court, that the highway had become such by prescription.

When plaintiff built his garage he knew perfectly well that he did so in line of the highway which the borough proposed and was about to open, hence, he was properly burdened with the expense of its removal. Section 4 of article IV of chapter VI of the Borough Code of May 14, 1915, P. L. 312, 344, provides: "No owner or occupier of lands, buildings, or other improvements shall erect any buildings or make any improvements within the lines of the roads, streets, lanes, alleys, or courts laid out, widened, or straightened, or proposed to be laid out, widened, or straightened, after notice thereof. If any such erection or improvement shall be made, no allowance shall be had therefor in the assessment of damages." This is a complete answer to plaintiff's claim for removal of the garage and the trial judge properly so held. Whether the ordinance of December 2, 1922, was

valid or otherwise, it was notice to the plaintiff of the borough's intention to open the street, and he encroached thereon at his peril.

The necessity of adapting plaintiff's property to the new street was a proper matter for the consideration of the viewers, or jury, in estimating the damages and benefits, or for expert witnesses in arriving at their conclusions; but the amount plaintiff expended in so adapting his property, as a separate element of damages, was inadmissible and properly so held by the trial judge. See Dawson v. Pittsburgh, 159 Pa. 317; Harris v. R. R. Co., 141 Pa. 242; Chambers v. South Chester Boro., 140 Pa. 510; Ry. Co. v. McCloskey, 110 Pa. 436. The real question at issue, and practically the only one for the jury, was the difference in value, if any, of plaintiff's land as an entirety, before and after the appropriation. This question is fully considered in the opinion of Mr. Justice SIMPSON, speaking for the court, in McSorley v. Avalon Boro. School Dist., 291 Pa. 252, and see Gaughan v. Scranton City, 266 Pa. 586, 590; Grier v. Homestead Boro., 6 Pa. Superior Ct. 542.

Before the jury retired, plaintiff asked that a juror be withdrawn and the case continued because of the improper and prejudicial remarks of defendant's counsel in his address to the jury. The language complained of was entirely uncalled for and the trial judge might properly have granted the request. However, as he promptly disapproved the remarks and admonished the jury to disregard them and, in disposing of the rule for a new trial, expressed the opinion that plaintiff was not prejudiced thereby, we do not grant a new trial on that ground. See U. S. Circle Sewing Co. v. Reynolds, 224 Pa. 577. The granting of a new trial because of improper conduct of counsel is largely a matter of discretion for the trial court: Carroll v. Hannon, 289 Pa. 65.

The cross-examination of Davis to show he had indemnified the borough for any expense it might incur in the extension of Water Street should have been per-

mitted as showing his interest and thereby affecting his credibility.

The judgment is reversed and a venire facias de novo awarded.