Maltz *v.* Carter, Admrx., Appellant.

Argued April 21, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*C. Donald Swartz,* of *Swartz & Campbell,* for appellant.

*Edwin Booth,* for appellee, was not heard.

PER CURIAM, May 22, 1933:

Defendant appeals from refusal of her motions for judgment non obstante veredicto and new trial in an ac-

tion against her as administratrix of the estate of George V. Carter, for damages for personal injuries sustained by plaintiff in an automobile accident in which defendant's decedent, the driver of the car, was killed. The automobile was of the cabriolet type, practically new, having run but 1,800 miles. Plaintiff was riding on the front seat with decedent; decedent's brother and his wife were in the rumble seat. The party were returning home from a trip to Shenandoah, Schuylkill County, at about three a. m., on a clear, moonlit night, over a dry cement road, sixteen feet wide, in good condition, and, at the place of the accident, straight. The headlights of the automobile were burning, the speed was not more than thirty miles an hour, and there was no other traffic on the road at the moment. Without warning, the car swerved and left the road on the right-hand side and struck a tree seven and three-tenths feet from the edge of the concrete and up an 18-inch rise. The machine was demolished, the driver so seriously injured that he died twelve hours later, and plaintiff suffered severe permanent injuries. There is no dispute about the facts, no complaint was made of decedent's driving before the time of the accident, and no evidence offered in explanation of the car's suddenly leaving the road.

The court below, in refusing defendant's motions for a new trial and judgment n. o. v., cited Knox v. Simmerman, 301 Pa. 1, a case similar in many respects to the one before us, and quoted from our opinion (page 4) in that case as follows: "It was a clear day on a broad, dry pavement, the coupé was in the exclusive control of the defendant, and the accident was such as under normal conditions does not occur; hence, it so happening, unexplained, would justify a jury in presuming the defendant was negligent. It is not a case of res ipsa loquitur, for negligence is not presumed from the mere happening of the accident, but from the circumstances under which it occurred. It was an abnormal occurrence such as in the usual course of events does not occur. An automo-

bile when driven along a dry level road in daylight at proper speed and under control is not accustomed to leave the pavement and dash against a stone pile at the roadside. That the coupé did this very extraordinary thing is some evidence that it was not properly driven. In Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, 504, the rule is stated, that, 'When the thing which caused the injury is shown to be under the management of the defendants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from a want of care.' " The foregoing words from the Shafer case were quoted with approval by Mr. Justice SADLER, in Durning et al. v. Hyman, 286 Pa. 376, 379; and in Gawronski v. McAdoo, 266 Pa. 449, we said: "Where a thing is shown to be under the management of defendant and the accident is such as in the ordinary course of things does not happen if proper care is used, the burden is on defendant to prove that the accident did not arise from want of care." And see Lesick et ux. v. Proctor, 300 Pa. 347; Latella v. Breyer Co., 87 Pa. Superior Ct. 325.

The undisputed facts as narrated above made out a prima facie case, which could only be overcome by exculpatory testimony, and this the record fails to establish. Under all the circumstances, we find no cause for reversal.

All assignments of error are overruled, and the judgment is affirmed.