## Swalina et al., *v.* Pisalski, Appellant.

52

Argued October 27, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*John L. Pipa, Jr.,* for appellant.

*Daniel W. Kearney,* for appellees.

PER CURIAM, November 10, 1937:

These appeals are governed in principle by the cases
of *Maltz v. Carter,* 311 Pa. 550, 166 A. 852, and *Knox v.
Simmerman,* 301 Pa. 1, 151 A. 678, which hold that
where an automobile, which is being driven on a dry
road in daylight, or on a clear moonlight night, without
congestion of traffic, suddenly swerves from the road
and runs into a pole alongside the road, the occurrence
is so unusual and out of the normal as to call for an ex-
planation from the driver; and in the absence of a satis-
factory explanation the jury may infer that the accident
arose from a want of due care.

The facts in the present case are more favorable to

the plaintiffs than those cited, for here there was evidence that the driver, while the car was in motion, diverted his attention from the road and reached down to do something on the floor of the car, and while he was looking and reaching downwards the car swerved to the left and went across the road and ran into the pole injuring the minor plaintiff. This was sufficient to take the case to the jury.

The explanation given by the defendant on the trial was that a tire blew out causing the car to run into the pole; but this did not accord with his statements immediately following the occurrence and evidently was not believed by the jury. The case was clearly for the jury.

The refusal of the trial judge to enter a compulsory nonsuit is not assignable as error: *Morgan v. Duquesne Boro.*, 29 Pa. Superior Ct. 100; *McAmbley v. Martin*, 100 Pa. Superior Ct. 593, 596; *Carroll v. Hannan*, 289 Pa. 65, 67, 137 A. 127. The first assignment of error is dismissed; the other assignments are overruled.

The judgments are affirmed.