Reese *v.* Herr, Appellant.

Argued November 15, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and RHODES, JJ.

*W. Hensel Brown,* with him *John L. Bowman,* for appellant.

*Chas. W. Eaby,* for appellee.

PER CURIAM, January 31, 1939:

The evidence in this case raised only a question of fact. No real question of law was involved.

The plaintiff, while riding as a non-paying guest with the defendant in the latter's automobile was injured by the car colliding with a concrete abutment, or culvert wall, fourteen feet long, located four feet to the right of the paved concrete road on which the car was traveling.

The accident happened on a clear day on a down grade where the road was straight and the road bed dry. The defendant admitted he was going between thirty-five and forty miles an hour at the time, and traveling almost in the middle of the sixteen feet wide concrete road. It is undisputed that the door on the driver's left side flew open. The dispute of fact occurs from this point.

The plaintiff, who, at the time of the accident, was sitting on the right side of the driver's seat and had been sleeping, testified that the defendant afterwards told him that "his door blew open and he reached to close it, and his car skidded [that is, swerved—it was a clear dry day] and hit the culvert." The defendant testified "Right at the bottom of the hill, my door flew open on my side—the lefthand side—, and the car swerved over on the lefthand side of the road, and I tried to get it straightened out, in the middle of the road, when Mr. Reese [who had been sleeping] grabbed the wheel and pulled it to the right side of the road."

If the plaintiff's testimony was the correct version of the occurrence, a verdict for the plaintiff was sustainable, for one traveling at high speed on the highway, who diverts his attention from the steering wheel and road in front of him in order to fix something about the car that has gone wrong, instead of stopping the car before fixing it, may be found by the jury to have been guilty of negligence. See *Swalina v. Pisalski*, 129 Pa. Superior Ct. 51, 194 A. 749; and *Maltz v. Carter*, 311 Pa. 550, 166 A. 852. The swerving into the concrete abutment was an occurrence so unusual and out of the normal as to call for an explanation from the driver, and whether or not that explanation was satisfactory to the jury was a question of fact for them.

On the other hand, if the defendant's version was the true one, the plaintiff's act in grabbing the steering wheel and pulling it to the right was, notwithstanding the defendant's negligence, such negligence as to bar

plaintiff's right to recover. Plaintiff was knocked unconscious by the blow and had no recollection of what occurred after he fell asleep until he woke up in the hospital.

The jury believed the plaintiff and rendered a verdict in his favor. The question of fact having been resolved by the jury in favor of the plaintiff and against the defendant and there being evidence to support the verdict, we are concluded by it.

Judgment affirmed.