Hoover, for use, *v.* Paterni, Appellant.

212

Argued May 6, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*John J. Laffey,* for appellant.

*M. E. Catanzaro,* for appellee.

PER CURIAM, June 24, 1940:

The defendant, M. Paterni, entered into the following agreement with Joseph Hoover, an architect, relative to additions and alterations to the former's restaurant:

"I, M. Paterni, hereby authorize Joseph Hoover a registered architect of Pittsburgh, Pa., to prepare complete working drawings for the additions and alterations to a restaurant at 5802 Forbes St. I agree to pay the above mentioned architect the sum of One Hundred Dollars ($100) for this service, Ten ($10) Dollars upon the signing of this agreement, receipt of which is hereby acknowledged; and Ninety Dollars ($90) upon the satisfactory completion of the above mentioned drawings.

"It is further agreed that if Jack Angeletti is awarded the contract for the above mentioned alterations, there shall be no additional charge for supervision.

M. Paterni<br>
Joseph Hoover

Witnessed Jack Angeletti.

Date, May 16, 1934."

Hoover prepared the working drawings, which were accepted and used by defendant, and the contract for the work was awarded to Angeletti. In such event, by the terms of the agreement, the defendant was not to pay the architect any *additional* charge for *supervising the work,* but this did not affect his liability for the balance due the architect for *preparing the working drawings.*

The defendant refused to pay the architect the balance due him. Angeletti thereupon paid him and took an assignment from the architect of the debt due him by defendant, and brought an action before an alderman in the name of Hoover, now for the use of Angeletti, against the defendant to recover the amount due, on

which he recovered judgment. Paterni appealed to the county court.

Upon the trial in that court, the facts not being in dispute, the parties agreed that the construction of the written agreement was for the court, which instructed the jury to find for the plaintiff. We agree with the court's construction of the paper. The sum of one hundred dollars was to be paid the architect for the preparation of working drawings, $10 down and the balance, ($90), upon their satisfactory completion. Supervision of the work was an entirely separate matter, but it was agreed that if Angeletti received the contract no additional charge would be made defendant by Hoover for such supervision. Defendant remained liable, however, for the balance due Hoover for the completed working drawings which had been accepted and used in the work; and the debt was one which the architect could assign to Angeletti. Before adoption of the new Rules of Civil Procedure—Rules 2001 to 2025, effective September 4, 1939, as to all actions brought thereafter—the action had to be brought in the name of the architect to the use of the assignee or transferee. Hence a prior action brought by Angeletti in his own name could not be sustained, and was non-prossed for default in filing statement; but that did not affect Angeletti's right to proceed by action in the name of the architect for his use, as assignee: *Bucci et al. v. Detroit Fire & Marine Ins. Co.*, 109 Pa. Superior Ct. 167, 167 A. 425; *Murphy v. Taylor*, 63 Pa. Superior Ct. 85.

The refusal of a court to enter a compulsory non-suit is not assignable as error: *Carroll v. Hannan*, 289 Pa. 65, 67, 137 A. 127; *McAmbley v. Martin*, 100 Pa. Superior Ct. 593, 596; *Swalina v. Pisalski*, 129 Pa. Superior Ct. 51, 53, 194 A. 749.

The judgment is affirmed.