**BOYLE et ux. v. WARD.**
**No. 517 Civil.**

District Court, M. D. Pennsylvania.
June 30, 1941.

A. M. Lucks and David J. Reedy, both of Scranton, Pa., for plaintiffs.

James W. Scanlon, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is an action in trespass brought by Cornelius Boyle and his wife, Ethel Boyle, against Louis N. Ward, to recover damages for personal injuries sustained by Mrs. Boyle on April 6, 1939, when the automobile in which she was riding, driven by the defendant, upset on a highway in New York State, between Binghamton and Sidney. The case was tried before the court and a jury and a verdict rendered for the husband in the sum of $998.40, and in favor of the wife in the sum of $4,796.-60. The defendant has moved the court to set aside the verdict and enter judgment for the defendant, or if this is refused, to grant a new trial.

. I. Motion to Set Aside the Verdict and Enter Judgment for the Defendant.

■ The reason assigned for this motion is that there is not sufficient evidence to sustain the verdict, and that the verdict and judgment are against the weight of the evidence. Defendant alleges that plaintiffs failed to prove negligence of the defendant. Plaintiffs produced evidence sufficient to · warrant the jury in finding that at the time of the accident the road was dry, straight, and eighteen feet wide; that there were no other automobiles in the immediate vicinity proceeding in either direction; that the weather was clear; that the automobile was driven between 25 and 35 miles per hour; that without warning the automobile suddenly swerved from the road to the right, rolled over two and one-half times and came to rest on its side. This is prima facie evidence that the car was negligently driven, and unless some explanation is offered by the defendant which absolves him from negligence, the court cannot now find as a matter of law that he was free from negligence, and set aside the verdict. "Negligence is not presumed from the mere happening of the accident, but from the circumstances under which it occurred. It was an abnormal occurrence such as in the usual course of events does not occur. An automobile when driven along a dry level road in daylight at proper speed and under control is not accustomed to leave the pavement. * * * Where a thing is shown to be under the management of defendant and the accident is such as in the ordinary course of things does not happen if proper care is used, the burden is on defendant to prove that the accident did not arise from want of care": Maltz v. Carter, 311 Pa. 550, 166 A. 852, and cases there cited. Here, defendant offered no explanation absolving himself from negligence. His only explanation was as follows:

"Q. Now, will you please tell the court and jury what happened at the time this accident happened? A. Well, we had gone out the main road at Harpersville proceeding along very nicely and somewhere about

7

7

2 miles, I should say, on that road to Schenectady all at once the car started to leave the road and the first thing I know we were going down this bank, here.

"Q. And that is all you know about what happened, is that right? A. That is all." Trial Record, page 104.

The above answers do not tend to absolve the defendant from negligence. Counsel for defendant argues that this case is not parallel to the case of Maltz v. Carter, supra, but is analogous to the cases of Simpson v. Jones, 284 Pa. 596, 131 A. 541 and Riley v. Wooden, 310 Pa. 449, 165 A. 738. In the Maltz case, supra: "The party were returning home from a trip to Shenandoah, Schuylkill county, at about 3 a. m., on a clear moonlit night, over a dry cement road, 16 feet wide, in good condition, and, at the place of the accident, straight. The headlights of the automobile were burning, the speed was not more than 30 miles an hour, and there was no other traffic on the road at the moment. Without warning, the car swerved and left the road on the right-hand side and struck a tree 7¾₀ feet from the edge of the concrete and up an eighteen-inch rise. The machine was demolished, the driver so seriously injured that he died twelve hours later, and plaintiff suffered severe permanent injuries. There is no dispute about the facts, no complaint was made of decedent's driving before the time of the accident, and no evidence offered in explanation of the car's suddenly leaving the road." 311 Pa. at page 552, 166 A. at page 852. The court held that this statement affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.

■ The jury here could have found a very similar situation, perhaps even a stronger case, for here the car was traveling in daylight. About the only distinction between the Maltz case and the case at bar is that in the present case, instead of striking a tree after leaving the road, the car rolled over two and one-half times, covering a distance of approximately fifty feet. In the Simpson case, supra, relied upon by the defendant, the defendant offered a very definite explanation of what had occurred. He had been traveling in the center of the road, and had attempted to turn over to his side of the road, whereupon the car skidded. He gave a detailed account of the occurrence, and the court and jury were of the opinion that he had

used ordinary care, and at most had made a mistake in judgment, short of negligence or carelessness. In the Riley case, also cited by the defendant, there were several possible causes suggested by the evidence, including a slippery road. The testimony of several witnesses was that defendant apparently lost control of his car, that the car "couldn't stop", and under all the evidence the court granted a compulsory nonsuit, sustained by the appellate court, because plaintiff had alleged excessive speed and lack of control, had failed to prove them, and the court felt that at best a mistake of judgment had been proved. The cases cited for the defendant are not comparable to the case at bar, for here defendant was unable to give any explanation of the accident, or to offer any evidence tending to free himself from negligence.

In his brief counsel for the defendant suggests that there might have been a mechanical defect which caused the accident. In view of defendant's own testimony that he drove the car between fifty and sixty miles home immediately after it was righted (Trial Record, pages 104, 105), the jury might well conclude that mechanical defects played no part in the accident.

■ Since there was sufficient evidence upon which the jury could find defendant negligent, the motion to set aside the verdict and enter judgment for the defendant must be refused.

## II. Motion for a New Trial.

Defendant's reasons for a new trial numbers 1, 2, and 4, and his additional reasons 4 and 5 are covered by the above discussion, and they are therefore decided against the defendant.

Defendant's third reason for a new trial alleges the damages are excessive, and his third additional reason charges that the court erred in allowing irrelevant and immaterial statements of gross earnings of the husband plaintiff's business to be discussed before the jury, and in overruling defendant's motion for a mistrial at that time.

■ When plaintiff offered evidence of the husband's earnings in his business, defendant objected and his counsel asked the withdrawal of a juror, stating in the hearing of the jury: "It is entirely irrelevant and immaterial in this lawsuit and obviously for the purpose of prejudicing the minds of this jury." Trial Record, page 44. The objection to the testimony was

sustained, but the court refused to withdraw a juror. While figures were stated in the hearing of the jury, the impression was not made upon the court that the offer was made to prejudice the jury's minds. The offer was made in good faith, and the only indication to the jury that prejudice might result came from the lips of defendant's own counsel, quoted above. The various offers and the comments of plaintiff's counsel thereon were not improper as to require the granting of a new trial. Under all the circumstances, and in view of the instruction to the jury by the court at pages 46, 48 (2 times), 49, and the charge of the court on the measure of damages, page 125, defendant's case was not prejudiced. No exceptions were taken to the charge of the court, except that the court over emphasized damages. There was no complaint that the charge concerning damages was improper, or that the court included anything improper or omitted anything that should have been said. No further specific instructions were requested, though opportunity was given, and defendant presented no points for charge. The question of the withdrawal of a juror is generally within the trial court's discretion depending upon all the circumstances surrounding the trial, and the court here did not abuse that discretion. See Wilhelm v. Uttenweiler, 271 Pa. 451, 112 A. 94; Donahue v. Punxsutawney Borough, 298 Pa. 77, 148 A. 41; Carroll v. Hannan, 289 Pa. 65, 137 A. 127. Testimony subsequently offered and admitted touched incidentally upon the husband's business, but was offered in line with the court's ruling that only evidence of loss of the wife's services around the house could be considered or proved, and no prejudice resulted to defendant from the admission of this testimony.

Concerning the claim that damages are excessive, there was evidence from which the jury could find that plaintiff wife was a young woman in good health at the time of the injury, that she suffered a fracture of two bones of the pelvis, a shortening of her one leg, that she was confined to bed for six weeks, that for the following 24 weeks she had to walk with the aid of two crutches, one crutch and a cane, or a cane; that she is still nervous and sleepless, that she is unable to perform her marital duties, and unable to perform her duties around her home as she had done prior to the accident, all as a result of her injuries suffered on April 6,

1939. Under these circumstances it cannot be said as a matter of law that a verdict in her favor of $4,796.60 was excessive. The court will review the amount of a verdict only where it is so grossly excessive as would shock our sense of justice, and the impropriety of allowing it to stand is manifest: Scott v. American Express Co., 257 Pa. 25, 101 A. 96; Filer v. Filer, 301 Pa. 461, 152 A. 567; Giannone v. Reale, 333 Pa. 21, 23, 3 A.2d 331; Mashinsky v. Philadelphia, 333 Pa. 97, 105, 3 A. 2d 790; Zimmerman v. Union Paving Co., 134 Pa.Super. 373, 4 A.2d 319.

Defendant's fifth reason for a new trial alleges the court erred in overruling defendant's objection to plaintiff's filing an amendment to the statement of claim at trial. This argument was not pressed by counsel. This amendment included a claim for damages for inability to have intercourse with her husband. At a pre-trial conference defendant was told about this element of damages, and when the amendment was offered at trial, defendant pleaded surprise and then withdrew that plea. The court stated that it would give defendant an opportunity to file a formal answer, and also by recess or adjournment any time necessary to examine Mrs. Boyle or to secure additional testimony concerning her ability to have intercourse. Defendant's rights were adequately protected by the court (see Trial Record, pages 25 and 26), and further, defendant did offer testimony concerning the wife's ability to have intercourse (Trial Record, page 117). There was no error in allowing the amendment to the statement of claim.

Defendant's first and second additional reasons for a new trial object to the court's action in allowing photographs of the damaged car in evidence, and in commenting on their relevancy to the issues in this case.

Defendant objects that the photographs were not properly proved, because the photographer was not called and because the time of taking the photographs was not established, and he also objects that since there was no claim for property damage, the question of damage to the car was irrelevant.

It is not necessary to call the photographer to prove a photograph of an object. The testimony of anyone familiar with the original and with the photograph as a correct likeness of the original is competent to prove the likeness: Common-

wealth v. Swartz, 40 Pa.Super. 370, 374, citing Com. v. Keller, 191 Pa. 122, 43 A. 198, Com. v. Conners, 156 Pa. 147, 27 A. 366, 17 Cyc. 414. Also, see Wallace v. Pennsylvania R. R. Co., 222 Pa. 556, 71 A. 1086, 128 Am.St.Rep. 817; Adamczuk v. Holloway, 338 Pa. 263, 265, 13 A.2d 2. In the present case one of plaintiff's witnesses positively identified the photographs as representing the condition of defendant's automobile immediately after the accident: Trial Record, page 12. This was sufficient identification of the photographs.

Concerning the relevancy of the photographs the court said: "Ladies and gentlemen of the jury, what the court intended to say about the condition of the car was this: I am receiving the testimony from the witness about the condition of the car as he saw it, for your consideration, as it may bear upon the injury to the plaintiff. That is to say, here we have testimony about the plaintiff's injury—how her injury was received. Now, I am allowing the testimony describing the condition of the car in which she was riding and in which she was hurt. I am allowing a description of that car as it was noticed after the injury, as it may assist you, along with all the other evidence, in determining the nature and extent of the plaintiff's injuries. It may assist you. To illustrate: Suppose a car were smashed to pieces—found smashed up—and the evidence showed that the plaintiff was in that car and she claims she was severely injured. Would not the condition of that car—smashed up—broken to pieces—would not that help her or, at least, corroborate, her contention and statement that she was severely injured? And, on the other hand, if the car was not injured and there was a contention that she was not injured any or much, would not the condition of the car, not being injured, help you in determining how severely she was hurt? I do not say that it would determine it absolutely. I do not say that it is complete proof or conclusive proof, but I say along with all the other evidence it may help you to determine the nature of the accident and the nature and extent of any injuries. That is all. Common sense—just plain common sense. All of the evidence is always for the jury and the court never tells you what you should find from the evidence. That is for you." Trial Record, pages 13, 14. These instructions were clear, complete and correct, and no exception was taken to this instruction to the jury. Further, it is not

a new ruling that damage to an automobile is admissible to show the force or circumstances of an accident in an action for solely personal injuries: See Rapers v. Holmes, 292 Ill.App. 116, 10 N.E.2d 707; Huddy, Encyclopedia of Automobile Law, Vol. 13-16, page 390. There was no error in the admission of the photographs or in allowing testimony concerning the condition of the car immediately following the accident, and there was no abuse of discretion in allowing corroborating evidence on these points. The court points out that the statement by counsel for defendant (Trial Record, page 13) concerning the remarks of the court on this subject is not a correct statement of the court's remarks, as will be seen from the above quoted instructions to the jury.

And now, for the above reasons, defendant's motions to set aside the verdict and enter judgment for the defendant, or to grant a new trial, are denied.