## Morgan, Admx. *v.* Peters, Appellant.

Argued October 10, 1941.

Before CUNNINGHAM, BALDRIGE, RHODES and HIRT, JJ.

*Henry S. Ambler*, with him *Frank R. Ambler*, for appellant.

*William T. Connor*, with him *R. K. Scott* and *Hardie Scott*, for appellee.

OPINION BY RHODES, J., February 28, 1942:

This is an action in trespass to recover damages for the death of Charles W. Morgan, which resulted from an automobile accident. The action was brought by Naomi G. Morgan, his wife, as administratrix, on behalf of herself and two minor children. The jury returned a verdict for plaintiff; the court below dismissed defendant's motion for judgment n.o.v.; he has appealed. The error assigned is the refusal of defendant's motion and the entry of judgment.

We must give plaintiff's evidence the benefit of every reasonable inference. *Higgins et ux. v. Jones,* 337 Pa. 401, 403, 11 A. 2d 158.

Appellant testified that between midnight on August 2, and 1:30 A.M. on August 3, 1940, he met deceased at Sydenham and Clearfield Streets in Philadelphia, and after visiting a taproom they decided to take a trip to the Pocono Mountains in appellant's automobile; that they eventually drove to Sellersville over route 309, stopping once for something to eat; that at Sellersville there was a detour, and when they arrived at the end of it he drove his automobile to the side of the road and went to sleep in the back of the vehicle; and that he had no recollection of subsequent events until he regained consciousness in the hospital after the accident.

About 6 A.M. on August 3d, Rev. William Campbell, pastor of the Sacred Heart Church located on the Limekiln Pike at Hilltown, Pa., heard the screech of brakes and the sound of a horn. Running out of the rectory he found appellant's automobile about 60 feet from the rectory and over a ditch about 10 feet wide and 4 feet deep, on the church property, and about 8 or 10 feet off the highway. He testified that there was a sharp turn to the right in the highway as one proceeded south, and "The entrance to our lane meets the public highway right on the turn and the machine, evidently somebody had missed the road, had run off the road on the left side, gone into our lane part way, jumped the ditch, so that the front wheels had completely crossed the

ditch and the rear wheels were still on the driveway leading into our house." He found appellant in the front seat of the automobile on the right-hand side "half on the seat and half off." Deceased was "slouched over to the right side with his head and right arm on the seat," in such a way that his body lay across the entire front seat. Deceased's feet were under the steering wheel but not on the floor. Some testimony relative to the position of appellant's automobile and the position in which deceased was found was given by another person residing in the vicinity who was also awakened by the screech of brakes and the blowing of the horn, and by a state policeman who arrived on the scene at approximately 6:30 A.M. after appellant had been removed to the hospital. This officer interviewed appellant there, and the latter said that he did not remember who was driving the car at the time of the accident, although he had been driving it earlier that morning. He also stated that deceased had no license to drive an automobile. Appellee testified that deceased had no license to operate an automobile, and that it had been at least six or seven years since he had last operated one.

The contention that the evidence was insufficient to identify appellant as the operator of the automobile at the time of the occurrence is answered by the reasoning and conclusion in *Flick et al. v. Shimer, Adm'x,* 340 Pa. 481, 17 A. 2d 332. The similarity between that case and the one at bar renders further discussion of this argument unnecessary, and nothing can be added profitably to what was said by Mr. Justice MAXEY, speaking for our Supreme Court, in disposing of the same question.

The evidence was also sufficient to warrant submitting the question of appellant's negligence to the jury. The general rule is stated in *Shafer v. Lacock, Hawthorn & Co.,* 168 Pa. 497, at page 504, 32 A. 44, at page 46, as follows: "When the thing which causes the injury is shown to be under the management of the defend-

ants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from a want of care." That principle has been applied specifically in many cases analogous to the one before us, and reference may be made to *Knox v. Simmerman*, 301 Pa. 1, 151 A. 678; *Maltz v. Carter, Adm'x*, 311 Pa. 550, 166 A. 852; *Wright et al. v. Straessley*, 321 Pa. 1, 182 A. 682; *Ravis v. Shehulskie*, 339 Pa. 161, 14 A. 2d 70; *Brewer et ux. v. Brodhead et al.*, 341 Pa. 384, 19 A. 2d 117; *Swalina et al. v. Pisalski*, 129 Pa. Superior Ct. 51, 194 A. 749.

The court below did not, as appellant argues, permit presumptions to be substituted for evidence. Cf. *Watkins v. Prudential Insurance Co.*, 315 Pa. 497, 173 A. 644. On the contrary, there was evidence in the light of the rule stated above from which inferences essential to the verdict could properly be drawn. While the cases cited by appellant support the general principles quoted therefrom, they have no application to the facts of the case at bar.

Assignments of error are overruled.

Judgment is affirmed.