## BOYLE et ux. v. WARD.

### Nos. 7844, 7845.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 15, 1941.

Decided Jan. 26, 1942.

a passenger in the defendant's car at the time of the accident which occurred while the defendant was operating the vehicle upon the highway in the State of New York. Jurisdiction of the Federal Court was founded upon diversity of citizenship, defendant being a resident of Massachusetts. A verdict was given for both plaintiffs on trial of the case and judgment was entered in their favor in the court below. The litigation in the trial court evidently proceeded without reference to the fact that the accident out of which the litigation grows took place in New York. This being a case where the cause is tried in one State and the significant facts on which the litigation is founded have occurred in another, it is the Federal Court's duty to follow the rules of conflict of laws prevailing at the place of trial. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Miller, Inc. v. Needham, 3 Cir., 1941, 122 F.2d 710. The question in this case, therefore, is: what is the Pennsylvania rule of conflict of laws relating to recovery upon a tort claim where the facts have occurred outside of Pennsylvania.

It is clearly settled that the applicable rule of reference in such instances is to the law of New York,[1] but it is by virtue of Pennsylvania law that such reference is made. Referring to the law of New York it is found that the liability of the operator of a motor vehicle to his passenger for injury sustained as a result of the operation of the car is based upon the negligent conduct of the driver; that the duty is the familiar one of ordinary care under the circumstances.[2] In the instant case the instructions to the jury by the trial judge proceeded upon this theory, although no reference to the New York law was made. So far the legal voyage is easy sailing; even though the legal test given the jury to apply was that of the forum rather than that of the place of wrong, the error is obviously harmless for the test is the same by both laws.[3]

The course now set by defendant's argument guides us into rougher water. Ap-

Walter W. Harris, of Scranton, Pa. (James W. Scanlon and O'Malley, Hill, Harris & Harris, all of Scranton, Pa., on the brief), for appellant.

David J. Reedy, of Scranton, Pa. (A. M. Lucks, of Scranton, Pa., on the brief), for appellees.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

The plaintiffs brought actions in the Federal Court for the Middle District of Pennsylvania against the defendant to recover damages for injuries sustained in an automobile accident. Mrs. Boyle was

---

[1] Restatement, Conflict of Laws, §§ 370-390 and Pennsylvania Annot. thereto, where the Pennsylvania authorities are collected for each of the sections. Such minor variations of the general rules of reference, which appear in the Pennsylvania decisions (see especially, Annota-tions to § 377) need not be examined because they do not affect the instant case.

[2] Zwilling v. Harrison, 1936, 269 N.Y. 461, 199 N.E. 761. See also the cases discussed below.

[3] Ravis v. Shehulskie, 1940, 339 Pa. 161, 14 A.2d 70.

plication of the New York law, he contends, to the facts shown by the plaintiff in this case requires the conclusion that there is insufficient evidence to entitle a jury to render a verdict in the plaintiff's favor. For this proposition is cited the decision in Galbraith v. Busch, 1935, 267 N. Y. 230, 196 N.E. 36.[4] In that case the automobile in which the plaintiff was riding as a guest suddenly swerved from the highway and crashed into a tree. The evidence failed to show any cause for the sudden swerve. At the trial the judge had ruled that the mere fact that the car had left the highway under these circumstances raised a presumption of negligence on the part of the driver and that it was the duty of the defendants to go forward with their evidence and explain why the car thus left the highway without negligence on the operator's part. The jury returned a verdict for the plaintiff and the Court of Appeals reversed the judgment entered thereon. The case is distinguishable from the present litigation in that the New York court pointed out that the probability that the accident came from a break in the mechanism of the car was just as great as that it was due to lack of care in its operation. With regard to the defects in the car itself, if unknown, the defendants were not responsible. The difference in the instant case is that the likelihood that the accident was the result of a defect in the mechanism of the car was in part overcome by the fact that evidence shows that defendant drove the car fifty or more miles without repair immediately following the accident.

■ For the discussion of the problem in the case at bar, however, it may be assumed that the New York decision is an all-fours case on the facts. Even then it is not controlling under the Pennsylvania rules of the conflict of laws. The standards which determine plaintiffs' rights and the defendant's liabilities are those which the Pennsylvania court finds fixed by New York law. But the application of these standards necessarily is made in proceedings at the forum. Matters of procedure

are governed by the law of the forum, not by reference to the law of some other state.[5] Difficult questions necessarily arise in determining whether a given question is one which should be classified as substantive and settled by reference to the appropriate foreign law, or as procedural and settled by application of the internal law of the forum. But the New York law to which defendant insists reference should be made here does not relate to questions which involve ultimate liability. Undoubtedly these, under the Pennsylvania rule of conflict of laws, are determined by reference to New York law. The question here is whether, on a showing of given facts, the burden devolves upon the defendant to go forward and explain those facts so as to exculpate himself from a charge of negligence under the risk of having the jury find against him if he does not; or whether on the other hand, the mere proof of the facts is not sufficient to warrant submitting the case to the jury in the first instance. Is the question of the fact conclusion to be drawn from the evidence without such explanation a matter to be referred to the foreign law or settled by the internal law of the forum? Considerations, both of logic and policy, which determine the rules of reference in such cases are both delicate and difficult.[6]

■ In these instances, however, we do not think that the burden of any such delicate balancing falls upon this court, for the Pennsylvania point of view on the subject, by which we are bound, seems clear. It is set out in the opinion of the Supreme Court of Pennsylvania in Singer v. Messina, 1933, 312 Pa. 129, 167 A. 583, 586, 89 A.L.R. 1271. The subject-matter of the suit was a claim for damages sustained by the death of the plaintiff's intestate owing to the alleged negligence of the defendant. One question in the case was the contributory negligence of the decedent. Counsel urged upon the court New Jersey decisions which, it was contended, showed that this question was solely for the jury. The court said: "A litigant obtains his substantive rights by the law of the place

---

[4] He cites also Lahr v. Tirrill, 1937, 274 N.Y. 112, 8 N.E.2d 298, and Marinan v. Kronberger, 1939, 280 N.Y. 640, 20 N.E.2d 1011. While these cases are consistent with the Galbraith decision they add nothing to it and are not so close to the instant case on the facts.

[5] Restatement, Conflict of Laws § 585

and Pennsylvania authorities noted in Pennsylvania Annotations thereto.

[6] See Cook, " 'Substance' and 'Procedure' in the Conflict of Laws" (1933) 42 Yale L.J. 333; McClintock, "Distinguishing Substance and Procedure in the Conflict of Laws" (1930) 78 U. of Pa. L.Rev. 933.

of injury but not the right to any particular method of establishing or enforcing that right. To hold otherwise would mean that a litigant might go into a foreign forum and take with him, not only certain substantive rights, but also a certain method of procedure by which he would in effect instruct the court as to the proper division of jurisdiction between the judge and jury." The court also quoted the Restatement of Conflict of Laws to the effect that the law of the forum shall determine whether an issue of fact shall be tried by a court or by a jury; also another section to the effect that the law of the forum is applied in the process of determining whether an actor's conduct falls below the standard set out by the law of the place of wrong.[7]

■ The facts of the case just discussed are different from those in the case at bar, but the position of the Pennsylvania court on the conflict of laws question appears to us clear. It is that the reference to the New York law will go no further than to find the rule setting the respective standards of conduct for the parties concerned. But that which arises in the process of applying these standards to the facts proved in evidence will be determined, not by reference to New York law, but by the law of the forum.[8] The Pennsylvania decisions applicable to automobile accidents under circumstances similar to those of this case are clear enough in permitting the matter to be settled by the verdict of a jury. Maltz v. Carter, 1933, 311 Pa. 550, 166 A. 852; Knox v. Simmerman, 1930, 301 Pa. 1, 151 A. 678; Swalina v. Pisalski, 1937, 129 Pa.Super. 51, 194 A. 749.

■ The omission of the learned trial court to apply the New York law to determine the standard of conduct to which the defendant must conform was harmless since the rule in Pennsylvania and New York is the same. The New York rule with regard to the sufficiency of the facts to establish negligence or want of it is considered by Pennsylvania courts as one not applicable to trials in Pennsylvania because the question involved, in the judgment of Pennsylvania authorities, is a matter of procedure. That classification determines the matter for us. Cf. Klaxon Co. v. Stentor Electric Mfg. Co., supra. This being so, the case was properly submitted to the jury.

The judgment of the District Court is affirmed.

---

[7] The references made by the learned court were to §§ 642 and 651 of the Restatement of Conflict of Laws. The case was decided before the final revision of that volume of the Restatement was made. The sections, with some revisions, now appear as §§ 594 and 595 respectively. The present blackletter text of § 595 is:

"(i) The law of the forum governs the proof in court of a fact alleged.

"(2) The law of the forum governs presumptions and inferences to be drawn from evidence."

[8] Different difficulties may arise in connection with this problem which fortunately are not presented by the facts of the instant case. When it is determined as a matter of the conflict of laws rule of a state that the reference is not made to the foreign law how far must a federal court go with regard to matters of state practice? Federal courts are governed by their own rules of procedure. If the State law continued forms of actions such forms would, obviously, not be applicable in the Federal Court which would follow its own rules promulgated by the Supreme Court. But beyond this easy case one can pose at random, many others more difficult. It does not have to be determined in this litigation how far distinction between substance and procedure in the conflict of laws makes a precedent for the same distinction between substance and procedure and federal court obligation to follow state decisions in matters of state law. See Tunks, "Categorization and Federalism: 'Substance' and 'Procedure' after Erie Railroad v. Tompkins" (1939) 34 Ill.L.Rev. 271, 279 et seq.; (1940) 88 U. of Pa.L.Rev. 482; (1939) 87 id. 344.