Stanley **PERZEPROSKI**

v.

**AMERICAN PRESIDENT LINES, LTD.**

Civ. A. No. 32918.

United States District Court,
E. D. Pennsylvania.

Dec. 15, 1970.

Robert C. Daniels, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Robert Cox, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

We have before us defendant's motion for a new trial. Plaintiff instituted suit to recover for injuries caused by his exposure to carbon monoxide fumes while working as a longshoreman aboard the S.S. PRESIDENT TAYLOR. As defendant's liability had been established in prior litigation, the sole issue in the instant trial was the amount of damages to be awarded. The jury awarded a verdict of $22,500.00 which defendant challenges as grossly excessive.

Plaintiff became ill on October 19, 1962, while operating a gasoline powered chisel or fork lift truck. He became ill during the course of the day, suffering from headaches, vomiting and tightness in the chest. On October 19 plaintiff saw a doctor who diagnosed his condi-

tion as carbon monoxide poisoning. Plaintiff entered the Graduate Hospital that same day and remained there until October 27. He then convalesced at home until his return to work in January, 1963.

Plaintiff missed approximately sixteen weeks of work because of his illness. His loss of earnings during that period calculated most liberally amounts to $2,-400.00. Medical expenses total $1,012.30. Therefore, the remainder of the award, which was in excess of $19,000.00 was for pain and suffering and loss from impairment of earning power.

The record contains very little evidence as to substantial discomfort caused by plaintiff's illness. Physical examinations of plaintiff failed to disclose any abnormal physical condition (N.T. 113), nor was there any evidence of disturbance in the emotional or intellectual spheres (N.T. 92). Furthermore, plaintiff testified that by the time he returned to work he felt much better as the tightness in his chest was gone and he would only occasionally develop headaches or nausea (N.T. 37). These latter symptoms were apparently the result of an anxiety reaction (N.T. 111) and would occur on those instances when plaintiff worked near a gasoline chisel (N.T. 47). The record is very limited, however, as to how often these symptoms occurred and what their effect was. At one point plaintiff testified that the occasions on which he developed these symptoms continued into some time in 1963 (N.T. 47). At another point he testified that the last time he became ill while working near a gasoline chisel was several months prior to trial. It appears that these symptoms do not recur with any degree of regularity. Further, plaintiff introduced no evidence to show that his earning power has been in any way impaired since his return to work by this inability to work near gasoline chisels.

Plaintiff argues that we should not disturb the verdict in view of the holding in Thompson v. Trent Maritime Co., 353 F.2d 632 (3rd Cir. 1965) and because there is no evidence in this case that any "undesirable or pernicious influence" obtruded into the trial regarding damages.

In *Thompson,* however, the Court held only that on the basis of the record in that case the jury award was not excessive. The Court believed that a remittitur of $7,500.00 was improper inasmuch as the jury could reasonably have computed the plaintiff's loss of earnings to be a figure $9,600.00 in excess of the figure calculated by the trial court. Such a consideration is not present in the instant case. As to plaintiff's second point, the absence of an "undesirable or pernicious influence" on the issue of damages does not prohibit the trial court from granting a new trial, but only requires a closer scrutiny of the trial court's decision upon appellate review. Lind v. Schenley Industries, Inc., 278 F.2d 79, 90 (3rd Cir. 1960).

A trial court will review the amount of a verdict only where it is so grossly excessive as would shock our sense of justice, and the impropriety of allowing it to stand is manifest. Boyle v. Ward, 39 F.Supp. 545 (M.D.Pa.1941). We conclude after a careful review of the record that the sum awarded is grossly excessive and bears no proportion to the damages sustained. Accordingly, we will grant a new trial subject to plaintiff's agreeing to a remittitur.

### ORDER

And now, this 15th day of December, 1970, it is ordered that defendant's motion for a new trial on the issue of damages will be granted in the event that plaintiff fails to remit all of the damages above the sum of $15,000.00, in writing, to the Clerk of the United States Court in and for the Eastern District of Pennsylvania, within ten (10) days from the service of this Order.